## F. Haag & Bro., et al. v. Reichert, et al.

(Decided February 15, 1911.)

### Appeal from Henderson Circuit Court.

1. Contracts—Assignability.—A contract is not assignable where it involves a personal liability, a relation of personal confidence, or calls for the skill or experience of one of the parties.
2. Same—Assent to Assignment.—But where the obligor of a contract for personal services assents to its assignment either in words or by acts sufficient to warrant his assent, the assignment is valid and the contract may be enforced by the assignee.
3. Same—Parties Only are Bound.—One can not be bound by the provisions of a contract between other parties; they can only bind themselves.
4. Cross Appeal.—A cross appeal can only be granted by the Court of Appeals. A cross appeal granted by the circuit court will not be considered.

VANCE & HEILBRONNER and N. POWELL TAYLOR for appellants.

CLAY & CLAY for appellees.

OPINION OF THE COURT BY JUDGE MILLER—Affirming.

Early in 1905 Wiley Reichert and F. Haag & Bro., of Henderson, made a contract for the purchase of the Halliday tract of about 1,800 acres of land in Ballard county, for the sum of $30,000 cash. The deed was drawn and executed and sent to Wiley Reichert and F. Haag & Bro. with a draft for the purchase money. They, however, being unable to raise that amount of money, or unwilling to put so large a sum into one transaction, persuaded John Reichert, the father of Wiley Reichert, to take over their purchase, with the understanding that if F. Haag & Bro. should at any time within six months thereafter repay to John Reichert one-third of the purchase money, with interest, then Reichert would reconvey to F. Haag & Bro. an undivided one-third interest in the land. The appellee James E. Cheatham had negotiated the purchase for Wiley Reichert and the Haags, under a contract by which he was to get one-third of the net profits for his services as agent. In substituting John Reichert as the purchaser, in lieu of Wiley Reichert and the Haags, John Reichert recognized the original contract with Cheatham and promised to pay Cheatham the

one-third of the net profits he should make upon a final sale of the land. F. Haag & Bro. permitted the six months to pass without exercising their right to repurchase the one-third interest in the land from John Reichert. After the expiration of the six months, however, they approached John Reichert for the purpose of repurchasing the one-third interest called for by their contract, but he declined to sell. F. Haag & Bro. then appealed to Cheatham to aid them in persuading John Reichert to carry out the original agreement and let them repurchase an undivided one-third interest in the land. Through Cheatham's efforts, John Reichert finally agreed to sell the Haags a half interest in the land for one-half of the original purchase price, with accrued interest thereon from the date of purchase, upon condition that Cheatham would release John Reichert from his contract to pay Cheatham his commission of one-third of the net profits to be made upon the final sale of the land. Cheatham agreed to this, and surrendered his contract to John Reichert; whereupon John Reichert conveyed, at the suggestion of F. Haag & Bro., an undivided one half interest in the land of F. Haag & Bro. and Mann Bros. At the same time F. Haag & Bro. and Mann Bros. executed separate contracts to Cheatham, on March 27th, 1906, by which each firm agreed to pay Cheatham one-third of its net profits upon the final sale of the land, as Cheatham's commission for his services rendered in purchasing the land, and for services rendered and which might thereafter be rendered by Cheatham in the management and sale of the land. In pursuance to this agreement, John Reichert conveyed the property to F. Haag & Bro. and Mann Bros., and they executed written contracts to Cheatham, as above indicated. On April 26th, 1906, Cheatham sold the benefit of his contract with F. Haag & Bro. to appellee John Reichert for $1,000; whereupon Cheatham indorsed upon his contract with F. Haag & Bro. the following assignment:

"For value received, I have and do hereby assign and transfer the above contract to John Reichert, of Henderson, Ky. This April 21, 1906.

"JAS. E. CHEATHAM."

Subsequently, on June 29th, 1906, F. Haag & Bro. sold their undivided one-fourth interest in the land to Mann Bros. for a consideration of $11,125. Of this sum $2,500 was cash, and $8,625 was the amount of the pur-

chase money which F. Haag & Bro. had agreed to pay for their interest in said land by the terms of their original contract of purchase. In other words, Mann Bros. assumed to pay F. Haag & Bros.' purchase money, and in addition thereto paid them $2,500 gross profit.

At the time of the sale by F. Haag & Bro. to Mann Bros., they made the following indorsement upon the copy of the written contract between F. Haag & Bro. and Cheatham regarding the latter's commission, to-wit:

"Neither F. Haag & Bro. or Mann Bros. recognized any liability to James E. Cheatham under the within contract, but if, upon the final sale of the lands mentioned therein, there should be any liability on the part of F. Haag & Bro. to said Jas. E: Cheatham, under this contract, the said land having this day been sold to Mann Bros., the said liability is to be paid by said Mann Bros., this June 29, 1906.

"MANN BROS."

On August 20th, 1907, appellee John Reichert, joining James E. Cheatham as a plaintiff, instituted this suit against F. Haag & Bro., and subsequently joined Mann Bros., for the purpose of recovering $833.33, which he claims was one-third of the net profits which F. Haag & Bro. had made upon the sale of their undivided interest in the land to Mann Bros. By an amended petition, Reichert claimed that the $2,500 cash payment was in reality only two-thirds of the consideration agreed on, and that the real consideration, instead of being $2,500 in addition to the other consideration expressed in the deed, was $3,750, and that the amount due as commission under the contract was $1,250, for which he prayed judgment.

The case was transferred to equity, and, upon the trial, the chancellor found that the gross profit of the sale by F. Haag & Bro. to Mann Bros. was $2,500; that the net profit of that sale was $2,100; and he gave Reichert, as assignee of Cheatham, a judgment against F. Haag & Bro. for $700 with a like judgment in favor of F. Haag & Bro. over against Mann Bros. From that judgment F. Haag & Bro. and Mann Bros. appealed; and at the same time the circuit court granted John Reichert, as assignee of Cheatham, a cross appeal from so much of the judgment as failed to allow him the difference between $700 and $1,250, which he claimed in his amended petition.

Appellants ask a reversal upon three grounds: (1) That the contract between F. Haag & Bro. and Cheatham was for the rendition of personal services, and was not assignable; (2) that if the contract was assignable to any extent, it could be only for services theretofore rendered in the purchase of the land, and could not be assigned for services to be thereafter rendered in the management and sale of the land; and (3) that the sale by Haag & Bro. to Mann Bros. was not a final sale such as was within the contemplation of the contract between them, and that Mann Bros. are not now liable thereunder.

Under our view of the case the first and second grounds may be considered together.

It is a well settled general doctrine that a contract is not assignable where it involves a personal liability, a relation of personal confidence, or calls for the skill or experience of one of the parties. One can not, therefore, assign his liability under such a contract so as to require the other party to accept the performance of the contract from a person who was not originally a party to it. The reason for the rule lies, not only in the right of the person to know to whom he is to look for the satisfaction of his rights under the contract, but also in his right to the benefit which he contemplates from the character, credit and substance of the person with whom he contracts. If, however, a person undertakes to do work for another, which requires no special skill, and he has not been selected for the work with reference to any personal qualifications, he may have the work done by some equally competent third person. This, however, is not an assignment of his liability, for he does not cease to be liable if the work is not done by his assignee in accordance with the contract. Furthermore, the general rule has no application in cases where the assignment is assented to by the other party to the contract, in which case there is, in effect, a new contract. It is an agreed rescission of the old contract, and the substitution of a new one in which the same acts are to be performed by different parties. It is apparent, however, that Cheatham's assignment of his contract in this case does not come within either the terms or the spirit of the general rule above laid down, for Cheatham in no way attempts to assign his liability under the contract; he assigned his benefits only. Reichert, the assignee, was the owner of a one-half interest in the land, and Cheatham by agree-

ment of the owners, had been and continued to be under Reichert's supervision and control in rendering his services under his contract with the Haags and with Mann Bros. By their conduct the appellants construed the contract as remaining in force, with no one substituted for Cheatham to do Cheatham's work. No attempt was made to so substitute any one for Cheatham, and he not only recognized his liability but performed his work in discharge of that liability. And while it is true, that the assignment is general in its terms, in that it assigned and transferred "the above contract" to John Reichert, it is evident that the intention and effect of the assignment was to transfer to Reichert the benefit of the contract, and not the liability thereunder.

Moreover, although F. Haag & Bro. and Mann Bros. say that they never agreed to the assignment, their acts thereafter were equivalent to an assent to the assignment, since they not only accepted Cheatham's services but paid one-half of his expenses for repeated trips made at the direction of Reichert. Cheatham subsequently sold the timber on less than one-half of this tract of land to a box company for $15,000, and for that service he did not claim any extra compensation; on the contrary, all the parties concerned treated that service as having been rendered under the original contract. So, in either view of the case, Cheatham's assignment to Reichert was valid, and must be sustained.

Neither do we concur in the suggestion that the agreement of June 29th, 1906, by which Mann Bros. agreed to pay Cheatham's fee in case F. Haag & Bro. should be under any liability therefor by reason of the sale by them to Mann Bros., can affect Reichert's rights under his assignment. Neither Reichert nor Cheatham was a party to that agreement, and neither of them can be bound or affected by it. The rights of Cheatham and Reichert to commissions for the sale of the land are fixed by the contract of March 27th, 1906, between F. Haag & Bro. and Cheatham, and the subsequent assignment of the benefit of that contract to Reichert. And the sale contemplated by that contract having been made, Cheatham's fee was earned, and its payment can not be postponed by the agreement of June 29th, 1906, which at most contemplates some future, final sale or settlement between F. Haag & Bro. and Mann Bros. That is a matter

entirely between the two last-named parties, and can not be used to affect Cheatham's rights under his contract.

Concerning appellee's contention under their cross-appeal granted by the circuit court, that the judgment was for too small a sum, it is sufficient to say that a cross-appeal con not be granted by the circuit court; it can be granted only by this court. Civil Code, section 755; Murphy v. Blandford, 11 Ky. Law Rep., 417; Hancock v. Hancock's Admr, 24 Ib., 664. And, as no cross-appeal was prayed or granted here, that branch of the case will not be considered.

The judgment of the chancellor is affirmed with damages.