## Mann Brothers v. Reichert's Executrix, et al.

(Decided October 15, 1914.)

Appeal from Henderson Circuit Court.

Evidence—Opinion Evidence—Conclusions of Witnesses in General.—Where the witness testifies to the price which was agreed upon by two others, for an interest in a tract of land, and upon cross-examination, it developed that the witness was not present when the trade was made and had not personal knowledge thereof, but that his testimony was a mere conclusion based upon a process of reasoning upon facts from which more than one inference was reasonably deducible, the testimony was irrelevant for lack of adequate knowledge of the subject-matter.

VANCE & HEILBRONNER for appellant.

CLAY & CLAY for appellee.

OPINION OF THE COURT BY JUDGE HANNAH—Affirming.

This case arises out of the same transaction which was before the court in F. Haag & Bro. v. Reichert, 142 Ky., 298. James Cheatham, for services rendered by him in purchasing a certain tract of timbered land and to be rendered by him in re-selling same, was to have one-third of the net profits derived therefrom, the purchaser of the tract, John Reichert, having entered into a contract with Cheatham to that effect.

Thereafter, Reichert sold a one-fourth interest in the tract to Mann Brothers and a one-fourth interest to F. Haag & Bro., Cheatham releasing Reichert from liability for expected profits, and taking a contract from Mann Brothers and from F. Haag & Bro., by the terms of which they each agreed to pay Cheatham one-third of the net profits realized by them on their respective one-fourth interests.

The benefit of these contracts was afterwards assigned by Cheatham to Reichert, Cheatham, however, agreeing to continue to render services in connection with the sale of the property without compensation.

F. Haag & Bro. sold their one-fourth interest to Mann Brothers at a profit of $2,500; and Reichert, as assignee of Cheatham, sued F. Haag & Bro. for one-third of the profits so realized by them in the transaction. He recovered judgment therefor, which upon appeal was affirmed by this court. 142 Ky., 298.

The present case has to do with the Mann Brothers contract to pay Cheatham one-third of the expected

profits to be realized by them from the purchase and sale of their one-fourth interest, the benefit of which contract Cheatham had assigned to Reichert. The validity of the assignment by Cheatham to Reichert of the benefits of his contracts with Mann Brothers and with F. Haag & Bro. was passed upon in the former appeal and settled in favor of Reichert.

Mann Brothers, after their purchase of the one-fourth interest of F. Haag & Bro., were the owners of a one-half interest in the property, but only one-half of this half, i. e., only their original one-fourth interest, was subject to Reichert's right, as Cheatham's assignee, to receive one-third of the profits realized by them; Reichert having received from F. Haag & Bro. all he was entitled to in respect of the other one-fourth interest.

Cheatham had continued, after the assignment of his expected profits to Reichert, to perform services in connection with the property in sales of timber therefrom, as he was bound to do, and continued to recognize his obligation to perform such services as he could in converting the timber on the tract into money, without compensation therefor, except that his expenses were paid.

However, about July 20, 1910, Fred Mann, of the firm of Mann Brothers, approached Cheatham, saying he would like to sell their half interest in the tract. Cheatham proposed that if Mann Brothers would pay his expenses, he would make an effort to sell their interest to some people in Cairo. Mann declined to do this, but proposed to pay Cheatham one-half of all he could get for their half interest in excess of $12.50 per acre, he to pay his own expenses; and a contract to this effect was thereupon entered into between Mann Brothers and Cheatham.

In this contract, Cheatham having in mind his assignment to Reichert of his right to receive one-third of the profits realized by Mann Brothers, caused to be inserted the following provision:

"Suit is now pending in the Henderson Circuit Court for one-third of the profits alleged to have been made by F. Haag & Bro. on the sale of their one-fourth interest; and said Reichert also claims (as assignee of James E. Cheatham) that Mann Brothers will owe him one-third of the profits which Mann Brothers may make on said lands, both of which claims the said Mann Brothers

deny. It is distinctly understood that this contract and any deed which may be made pursuant hereto, shall be without prejudice to either of said Reichert's claims and without prejudice to any defense which Mann Brothers may have or make thereto."

Cheatham went to Cairo, but was unable to negotiate a sale to the people whom he tried to interest; and upon his return he negotiated a sale of Mann Brothers' half interest to Reichert at the price of $12.75 per acre.

Under the contract of July 27, 1910, this sale would have entitled Cheatham to a commission of 12½ cents per acre; but before the contract of sale was signed, Cheatham notified Mann Brothers that in view of his assignment to Reichert of his contract for one-third of the net profits to be realized by Mann Brothers on their original one-fourth interest and the complications which might arise, he would not accept any commission for his services in negotiating the sale to Reichert, but that he would turn over to them the full purchase price agreed upon between Reichert and himself.

The contract of sale and the deed conveying the half interest of Mann Brothers to Reichert both contain the saving stipulation above quoted from the contract between Mann Brothers and Cheatham, i. e. that this transaction should be without prejudice to the claim of Reichert as assignee of Cheatham, to one-third of the profits realized by Mann Brothers on their original one-fourth interest.

Reichert's executrix sued Mann Brothers in the Henderson Circuit Court seeking to recover from them one-third of the profits realized by them on their original one-fourth interest in the tract by reason of the transactions mentioned; and the court rendered judgment in favor of plaintiff in the sum of $1,911.85. From that judgment the defendants appeal.

It seems to be the contention of appellants that in point of fact, Cheatham sold Mann Brothers' half interest to Reichert at $13.00 per acre, and not at $12.75; that Cheatham was therefore entitled to a commission of 25 cents per acre or $457.50; that Reichert paid Mann Brothers' $12.75 per acre net to them, and retained the other 25 cents per acre, or $457.50 himself; and that this amount should have been deducted in fixing the liability of defendants to Reichert as assignee of the Cheatham contract for one-half of the profits realized on their original one-fourth interest in the tract in question.

But there is no proof that Reichert agreed to pay $13 per acre for the Mann Brothers' half interest. It is true, both Aaron and Fred Mann testified that Cheatham sold their half interest to Reichert at $13 per acre; but they were not connected with the negotiations between Cheatham and Reichert, and heard nothing said between them that would authorize such a conclusion.

Fred Mann, on cross-examination, testified as follows:

"Q. Now you say that the price at which the land was put to Mr. Reichert was $13. What became of the other 25 cents and why was that not recited in your contract and deed to Mr. Reichert? A. Mr. Cheatham had an arrangement with Reichert which I didn't know nothing about. Q. How do you know it was sold to Mr. Reichert at $13? A. The deed recited that $12.75 was the price."

In other words, the Manns took the view that as the contract was that they should have half and Cheatham should have half of what the property sold for in excess of $12.50 per acre, and as they received $12.75 per acre or 25 cents more than $12.50, then Cheatham must have got 25 cents per acre also, making the sale price to Reichert $13 per acre. And, reasoning in this way, they testify that the price at which Cheatham sold their half interest to Reichert was $13 per acre, upon the assumption that Reichert in order to avoid any complications involving his right as assignee of Cheatham, to receive one-third of the net profits derived by Mann Brothers on their original one-fourth interest, absorbed Cheatham's claim for commissions of 25 cents per acre in addition to paying them $12.75 per acre. But these are mere suspicions; and in addition, this theory absolutely ignores the notice given to Mann Brothers by Cheatham that to avoid complication he would turn over to them the full purchase price of $12.75 per acre and make no claim for commissions.

Cheatham, when asked as to the price at which he made the sale of Mann Brothers' half-interest to Reichert, said it was made at the price of $12.75 per acre; and that is the price recited in the contract of sale and in the deed of conveyance from Mann Brothers to Reichert. This proof overcomes mere conclusions reached by processes of reasoning upon facts from which more than one inference is reasonably deducible.

Judgment affirmed.