**Roy HILL and Margaret Hill, Appellants,**

v.

**David W. PARKS, Lyman E. Wagers, Jr., James Craig, and Carolyn Wolfe, Appellees.**

Court of Appeals of Kentucky.

July 17, 1981.

Rehearing Denied Oct. 9, 1981.

Discretionary Review Denied Feb. 9, 1982.

James B. Stewart, White, McCann & Stewart, Winchester, for appellants.

Joseph M. Scott, Jr., Stoll, Keenon & Park, Lexington, for appellees, Craig, Wagers, and Wolfe.

James W. Clay, Page & Clay, Winchester, for appellee, Parks.

Before HOWARD, HOWERTON and WILHOIT, JJ.

HOWERTON, Judge.

Roy and Margaret Hill appeal from a judgment of the Clark Circuit Court denying them damages for a breach of contract by the appellee, Parks, and awarding the appellees, Craig, Wagers, and Wolfe, the sum of $40,000.00. The Hills request a reversal of the $40,000.00 award and a judgment against Parks for $4,972.32 plus interest, together with a recovery of their costs. The trial court also adjudged that Parks recover $10,000.00 in damages from Craig, Wagers, and Wolfe, but no appeal or cross-appeal was taken by them.

The essential facts are as follows. The Hills owned the Skylit Motel in Winchester, Kentucky. The Winchester Building and Savings Association was a mortgagee of the property. In 1974, the Hills contracted to sell the motel to Parks for an agreed price of $160,000.00. One hundred forty thousand dollars was to be paid in three hundred monthly installments of $989.50 each, including interest. The Hills paid their broker a commission of $8,000.00 for the sale.

The contract provided that the Hills were to retain title until the sum of $60,000.00 had been paid by Parks. The Hills were to pay the principal and interest due the mortgagee, but Parks was to pay the taxes and insurance. Several other assurances were given by Parks regarding maintenance of the building, furniture and fixtures, and the continuation of an AAA rating and membership. Paragraph 5 of the agreement provides:

> If the Purchaser shall default in any obligation herein opposed (sic) upon him, then the Sellers may in such event take possession of the premises and accelerate the due date of all the notes above mentioned so that same will fall due within 30 days after notice thereof has been given to the Purchaser.

In May of 1975, Parks assigned his rights in the contract to Craig, Wagers and Wolfe. The Hills protested the assignment from the beginning. The original insurance was dropped and a substitute was obtained with considerable confusion and without naming the mortgagee or the Hills as additional insureds. There was also some question as to whether there was a time period when no insurance was provided.

The Hills initiated this action in July of 1975, alleging a breach of the contract and seeking to exercise the forfeiture clause in paragraph 5. In November, a master commissioner reported that a forfeiture of the contract was not warranted. The report was never acted upon, and the case remained open.

The mortgagee filed a foreclosure action in February, 1976. The basis for the action was the default in providing proper insurance, and because the transfer had been made from Parks to Craig, Wagers, and Wolfe, without its prior consent. The Hills, Parks, and Craig, Wagers and Wolfe, were named as defendants in the foreclosure action. On motion of Craig, Wagers, and Wolfe, the foreclosure action was consolidated with the original breach of contract action.

In the Hills' answer to the foreclosure action, they admitted the assignment of the contract for sale from Parks to Craig, Wa-

gers, and Wolfe, and they also admitted the default in providing the required insurance. The regular circuit judge entered a judgment in favor of the mortgagee and directed that the property be sold. The judgment recited that there was no just cause for delay and that it was a final judgment upon the matters therein adjudicated.

The property was sold by the master commissioner on August 5, 1976. The only bidders were the Hills, who purchased the property for $60,000.00. The mortgagee received the unpaid balance of $18,963.79, the court costs were paid, and the Hills as former owners received the balance. The Hills repossessed the property from Craig, Wagers, and Wolfe, on August 25, 1976.

No appeal was ever taken by anyone from the foreclosure action.

On September 8, 1976, the Hills recharged their original action by filing a second amended complaint. They sought a judgment against the appellees for the insurance premiums they paid, various losses or damages, and a sum for the loss of personal property which had disappeared from the premises while Parks or his assigns were in possession. The Hills also sought to recover the unsatisfied purchase price.

In February of 1978, prior to the damage action coming to trial, the Hills resold the motel for the sum of $200,000.00, less a broker's fee of $20,000.00. In the meantime, they claim to have incurred costs of $15,696.44 for necessary replacements and improvements.

The regular judge recused himself, and a special judge was appointed on May 15, 1978. The case was set for trial on June 12, 1978. Final judgment was entered on August 9, wherein the new judge determined that the Hills' confession of judgment in the foreclosure action deprived the appellees of their day in court. He concluded that the Hills had been unjustly enriched and awarded Craig, Wolfe, and Wagers the sum of $40,000.00 plus interest and costs.

The trial judge's primary premise appears to be that somehow the Hills were at fault and acting in bad faith by allowing a foreclosure. His findings of fact and the conclusions of law regarding the foreclosure action are clearly erroneous. Parks, Craig, Wagers, and Wolfe were original parties and bound by the judgment, and there is no factual or legal basis for charging the Hills with the foreclosure. The allegations in the foreclosure complaint were true, the Hills had not caused the violations of the mortgage terms, and the Hills had no obligation to fabricate, procrastinate, or pay extra court costs by making a frivolous defense. *Commonwealth ex rel. Meredith v. Murphy*, 295 Ky. 466, 174 S.W.2d 681 (1943). We must not consider one to be in bad faith when their pleadings admit to the truth. The appellees answered the foreclosure pleading, and the trial judge determined that as a matter of law the mortgagee was entitled to judgment and that the property should be sold. The judgment is final, and it is the law of this case at this time. It is res judicata. *Smith v. Decker*, Ky., 374 S.W.2d 487 (1964).

The judgment in the foreclosure case did two things. It established that the appellees were at fault and had breached the contract to such an extent that everything was forfeited. Any time a breach of contract is substantial enough to cause a successful foreclosure, the breach is enough to allow a rescission of the contract. Furthermore, Parks could not assign his liability under this particular contract. *F. Haag & Bro. v. Reichert*, 142 Ky. 298, 134 S.W. 191 (1911). Parks obligated himself to pay taxes on the premises, and neither he nor his assignees paid the portion of the 1976 taxes which accrued prior to repossession. Parks was also obligated to maintain insurance on the premises, to maintain the premises for the life of the debt in a condition equal to that in which he received it, and to continue to maintain AAA accreditation. The Hills attempted to prove that they were required to pay $427.66 for insurance premiums during August and September of 1975. They also presented proof that they paid $2,145.00 for insurance premiums for the period from December 20, 1975, to August

25, 1976. Parks's pro rata share of the 1976 taxes was shown to be $965.29. The Hills also paid $469.68 for the rental of television sets in 1976, while Craig, Wagers, and Wolfe were in possession. Finally, the Hills claim to be entitled to $968.69 for the loss of personal property which disappeared from the motel while Parks or his assignees were in possession. The Hills dropped their claim for the unpaid purchase price after the property was resold.

The Hills have kept alive their claims against Parks. In this appeal, they argue that they are entitled to $4,976.32. On remand, the trial court must determine what amount, if any, the Hills may recover from Parks. The Hills shall also be awarded their costs in this action.

The $10,000.00-award to be paid by Craig, Wolfe, and Wagers to Parks must remain in full force and effect. That portion of the judgment requiring the Hills to pay Craig, Wolfe, and Wagers the sum of $40,000.00 is reversed.

All concur.