Christopher TERRELL *v.* STATE of Arkansas

CA CR 89-80                             796 S.W.2d 348

Court of Appeals of Arkansas
En Banc
Opinion delivered October 3, 1990

*Wayne Moody*, for appellant.

*Steve Clark*, Att'y Gen., by: *Kay J. Jackson Demailly*, Asst. Att'y Gen., for appellee.

■ PER CURIAM. In an opinion not designated for publication, we affirmed the revocation of the appellant's suspended imposition of sentence. *Terrell* v. *State*, CA CR 89-80 (*op. del.* December 6, 1989). On August 22, 1990, over eight months after our decision was rendered, the appellant's attorney filed this motion for attorney's fees. We deny the motion.

A two-month delay between the rendition of our decision and the motion for attorney's fees prompted us in 1982 to advise the bar that motions for attorney's fees should be filed in this court in time for them to be considered at the time the case is considered on its merits. *Cristee* v. *State*, 4 Ark. App. 33, 627 S.W.2d 34 (1982). We explained in *Cristee* that when motions for fees are delayed we are required to obtain and reconsider the briefs in order to determine the fee. *Id.*

A three-month delay prompted a similar explanation in *Stefanovich* v. *State*, 10 Ark. App. 233, 662 S.W.2d 476 (1984). Our request that motions for attorney's fees be filed so that we could consider them at the time the case was decided was, in *Stefanovich*, coupled with a warning that failure to do so could prevent an allowance of attorney's fees. *Id.*

We granted attorney's fees in both *Cristee* and *Stefanovich*. However, in *Fiveash* v. *State*, 12 Ark. App. 391, 676 S.W.2d 769 (1984), we denied a motion for attorney's fees filed eight months after our decision was rendered.

In *Scott* v. *State*, 28 Ark. App. 329, 775 S.W.2d 513 (1989), we granted a motion for attorney's fees filed four months after our decision was rendered, and repeated the warnings in *Fiveash, Stefanovich*, and *Cristee*, supra.

■ Considerations of efficient use of judicial time and

resources require that we consider motions for fees while the briefs are in our possession and the case is fresh in our minds. We recommend that counsel for indigent defendants in criminal cases file a separate motion for attorney's fees with our Clerk on the day that the reply brief is due so that they may be promptly compensated for their services and so we may avoid the unnecessary duplication of effort required when such motions are delayed.