Beatrice HOUSTON *v.* STATE of Arkansas

CA CR 92-653                                862 S.W.2d 292

Court of Appeals of Arkansas
En Banc
Opinion delivered October 13, 1993

*James H. Phillips*, for appellant.

PER CURIAM. On February 24, 1993, we affirmed appellant's

conviction of delivery of controlled substance. *Houston* v. *State*, 41 Ark. App. 67, 848 S.W.2d 430 (1993). On September 23, 1993, appellant's attorney filed this motion for attorney's fees. We deny the motion.

A two-month delay between rendition of our decision and the motion for attorney's fees prompted us in 1982 to advise the bar that motions for attorney's fee should be filed in this court in time for them to be considered at the time the case is considered on its merits. *Cristee* v. *State*, 8 Ark. App. 33, 627 S.W.2d 38 (1982). We explained in *Cristee* that when motions for fees are delayed we are required to obtain and reconsider the briefs in order to determine the fees. *Id.*

A three-month delay prompted a similar explanation in *Stefanovich* v. *State*, 10 Ark. App. 233, 662 S.W.2d 476 (1984). Our request that motions for attorney's fees be filed so that we can consider them at the time the case was decided was, in *Stefanovich*, coupled with a warning that failure to do so could prevent an allowance or attorney's fee. *Id.*

Although we granted attorney's fees in both *Cristee* and *Stefanovich*, in *Fiveash* v. *State*, 12 Ark. App. 391, 676 S.W.2d 769 (1984), we denied a motion for attorney's fees filed eight months after our decision was rendered.

In *Scott* v. *State*, 28 Ark. App. 329, 775 S.W.2d 513 (1989), we granted a motion for attorney's fees filed four months after our decision was rendered, and repeated the warnings in *Fiveash*, *Stefanovich*, and *Cristee*, *supra*.

In *Terrell* v. *State*, 32 Ark. App. 58, 796 S.W.2d 348 (1990), we denied a motion for attorney's fees filed over eight months after our decision was rendered. In that per curiam opinion, we reviewed our prior warnings about filing motions for attorney's fees promptly and repeated the explanation for this requirement.

In *Williams* v. *State*, 42 Ark. App. 184, 854 S.W.2d 370 (1993), we denied a motion for attorney's fees filed approximately seven months following issuance of our mandate.

This opinion is being published as notice to the bar that hereafter, if no good cause for delay in filing the motion is presented, we will deny motions for attorney's fees filed more than

sixty (60) days after our mandate issues.

The motion for attorney's fees is denied.