Albert BELL *v.* STATE of Arkansas

CR 95-417
935 S.W.2d 539

Supreme Court of Arkansas
Opinion delivered December 23, 1996

*Green, Henry, & Green*, by: *J. W. Green* and *Brad Green*, for appellant.

▮

PER CURIAM. Counsel file a belated motion for attorney's fees more than five months after the mandate was issued in this appeal. Counsel's reason for filing late was based on their impression that, because this court reversed this case with directions for a suppression hearing, they believed their services for appeal purposes would not end until the suppression hearing had been conducted. Counsel offer no citation of authority to support their belief, and we know of none. Alternatively, counsel request payment of fees for services rendered prior to the issuance of the mandate.

To be awarded attorney's fees, counsel appointed in criminal cases must file a motion in accordance with Rule 6-6 of the Rules of the Supreme Court and Court of Appeals. That rule provides the motion shall be filed not later than thirty days after the issuance of the mandate.

▮ Although our court has not had occasion to interpret the thirty-day time limit provision in Rule 6-6(c), the court of appeals has. *See Houston* v. *State*, 43 Ark. App. 167, 862 S.W.2d 292 (1993); *Williams* v. *State*, 42 Ark. App. 184, 854 S.W.2d 370 (1993); *Terrell* v. *State*, 32 Ark. App. 391, 676 S.W.2d 769 (1984); *Stevanovich* v. *State*, 10 Ark. App. 233, 662 S.W.2d 476 (1984); *Christie* v. *State*, 4 Ark. App. 33, 627 S.W.2d 34 (1982). The court of appeals's most recent pronouncement concerning Rule 6-6(c) in *Houston* is that, if no good cause for delay in filing a motion for attorney's fee is given, it will deny fees filed more than *sixty* days after the mandate issues.[1]

▮ We believe Rule 6-6(c) is quite clear in providing that appointed counsel *shall* file his or her motion for attorney's fees not later than thirty days after issuance of mandate. Failure to comply with this thirty-day requirement precludes counsel's entitlement to an award of attorney's fees. The time constraints in Rule 6-6(c) are provided so the appellate courts can determine and meet their budgetary needs and expenditures for payment of costs and attorney's fees. In addition, as stated by the *Terrell* court, considerations of efficient use of judicial time and resources require that we con-

---

[1] The *Houston* court gave no explanation why it utilized a sixty-day period.

sider motions for fees while the briefs are in our possession and the case is fresh in our minds.

■ While we hold that, to be entitled to a fee, appointed counsel must file a motion for attorney's fees not later than thirty days after issuance of mandate, we conclude this decision shall apply prospectively, since there has been some variance in the prior cases construing Rule 6-6(c). To the extent the court of appeals's prior decisions differ from our holding herein, they are overruled.

After a review of counsel's motions and exhibits, we award a fee in the sum of $3,820.00.