## ESKRIDGE *v.* ESKRIDGE.

4-9057                                                     226 S. W. 2d 811

Opinion delivered February 6, 1950.

*E. R. Parham* and *Alston Jennings,* for appellant.

*Robinson & Park,* for appellee.

GRIFFIN SMITH, Chief Justice. Charges of domestic infidelity[1] made by the wife were found sufficient when she was granted a divorce from Harrold Eskridge October 6, 1948. Thus twenty-five years of married life ended in circumstances showing a requirement by Mrs. Eskridge for surgical removal of a growth then thought to be malignant, but which was found otherwise. The

---

[1] The term "infidelity" is not used in a sense other than a failure to observe marriage vows, since the record here does not disclose testimony brought to the Court's attention when the decree of divorce was rendered.

husband married October 7th—one day after the divorce —and for half a year paid monthly alimony of $125, then petitioned for relief. He alleged changed conditions and inability to maintain himself on an income of $316.75 and pay from it what the original decree required.[2]

The divorce property settlement took into consideration Mrs. Eskridge's medical needs and allowed her $1,462.50 in bonds, $500 of which went for surgery and hospitalization. The husband was permitted to retain money and securities about equal to what the wife would have after paying contemplated bills. She was also given the household furniture and custody of two children— Julian, then 23 years of age, and Marita, 16. Julian was physically injured at birth and has never been able to work productively. Marita is a high school junior.[3]

We agree with the Chancellor that no change should be made. Appellant, in effect, says he and his present mate cannot live on $191.75, therefore his former wife, who has not fully recovered, and his afflicted son, and his high-school daughter, should be compelled to yield some part of $125. This, he thinks, could be offset if the boy went to work, although the testimony is that a doctor advised the young man to give up his last position because the drugstore work was injurious. The decretal order of 1948 contains a finding that ''Julian is sick, dependent, unable to help himself or to help his mother, and that he is entitled to maintenance from the defendant.'' Nor are we in accord with appellant's suggestion that the difficulty could be solved by withdrawing part of the award, thereby compelling appellee to seek employment. *Jones* v. *Jones*, 201 Ark. 546, 145 S. W. 2d 748. The undisputed testimony is that appellee maintains a home for the children, cooks, cleans house, does the

[2] Appellant is a skilled mechanic, employed for 14 years by the Rock Island Railway system. He is entitled to hospitalization, retirement benefits, and other accruals not included in the item of $316.75.

[3] A paragraph appearing in the October decree is: "The defendant is hereby enjoined and restrained from molesting the plaintiff in any manner, from going about her or the children, from attempting to approach or talk to her, or from contacting her in any manner." [The clear implication is that threats of bodily harm had been made, or that the husband had been improperly forcing his attentions on the plaintiff].

washing, sews, and that she is without training for remunerative work.

Counsel's professionally competent work in presenting the petition for modification is not underestimated. It is a service none could have performed more loyally. The difficulty lies in appellant's behavior in its relation to continuing obligations he first assumed. It had been judicially determined that he wrongfully breached the marital contract after participating in its benefits for a quarter of a century. Equity's plan does not contemplate punishment, and if denial of appellant's prayer had atonement for its purpose a different answer could be given. But we are dealing with economic necessities pledged against reciprocal values—values the wife is not shown to have withheld; and we must recognize society's concern for the two children, notwithstanding the father's willingness to withdraw from them.

Affirmed.

---

Supplemental Opinion, February 16, 1950.

GRIFFIN SMITH, Chief Justice. Appellee's motion of October 11, 1949, asked that costs and an attorney's fee be allowed. It was passed for consideration when the appeal should be submitted, but was overlooked when the opinion of February 6th was written. Our records do not disclose a response to the motion. We accept as correct appellee's verified statement that necessary costs were $28.56. In addition to provisional fee by the trial court in favor of the attorney, the further sum of $50 is awarded. Appellant is directed to pay $18.56 February 15th, and $20.00 on the 15th of March, April, and May.