Lana A. ELKINS *v.* Mark JAMES

CA 92-154                                    842 S.W.2d 58

Court of Appeals of Arkansas
Division I
Opinion delivered November 18, 1992

*Ronald W. Metcalf*, for appellant.

*Stephen M. Sharum* and *William J. Kropp III*, for appellee.

JUDITH ROGERS, Judge. At issue in this appeal is whether the chancellor was correct in applying the substantive law of Arkansas in modifying a Missouri divorce decree as it pertains to the age of majority and the payment of child support. Appellant contends that the chancellor's decision to apply Arkansas law deprived the Missouri decree of full faith and credit. We agree with the chancellor's ruling and affirm.

Appellant, Lana A. Elkins, and appellee, Mark James, were divorced in 1979 pursuant to a Jackson County, Missouri, decree. Custody of their two minor children was awarded to appellant, and appellee was ordered to make monthly child support payments in the sum of $200 per child through the clerk's office of Jackson County. In 1980, appellant and the children moved to Arkansas; appellee moved to Oklahoma in 1982.

In October of 1985, appellant registered the Missouri divorce decree with the Sebastian County Chancery Court and

sought an increase in child support. On December 17, 1985, the chancellor modified the decree in accordance with the parties' agreement to increase support payments to $300 a month per child. The court retained the provision that the payments would continue to be paid through the clerk's office in Jackson County, Missouri.

In July of 1989, the Sebastian County Chancery Court again modified the decree by approving an agreement of the parties regarding the payment of medical expenses. The order recited that appellee would be solely responsible for all future extraordinary medical, hospital, dental and orthopedic treatment for the minor children. The order further provided that child support payments would be abated during the time that the children actually spent with their father pursuant to the visitation schedule. The amount of child support was not increased at that time.

The instant litigation began on June 4, 1991, when appellee petitioned the chancery court seeking the termination of child support for the parties' older son, who had reached the age of eighteen. In his petition, appellee agreed to continue paying support for the remaining child and offered to increase payments on behalf of that child from $300 to $500 per month. Appellant responded that appellee should not be relieved of the duty to support the older son because Missouri law required the payment of child support to continue for children in college until the age of twenty-one. The statutory provision referred to provides in part: "If when a child reaches the age of eighteen, he is enrolled in and attending a secondary school program of instruction, the parental support obligation shall continue until the child completes such program or reaches age twenty-one, whichever occurs first." Mo. Ann. Stat. § 452.340.5 (Vernon 1986). Appellant also requested an increase in support for both children.

The chancellor found that appellant had twice invoked the jurisdiction of the Arkansas court when she registered the Missouri divorce decree in October of 1985 and when she called upon the court to have appellee provide payment of medical expenses for the two children, a matter which had not been addressed in the original Missouri decree. The chancellor thus held that Arkansas law applied and terminated support for the elder son.

██ Appellant contends on appeal that, as a matter of full faith and credit, the court should have applied the substantive law of Missouri concerning the termination of child support. The Full Faith and Credit Clause is found at art. IV, '§ 1 of the United States Constitution. Its purpose is to establish throughout the federal system the salutary principle of the common law that a litigation once pursued to judgment shall be as conclusive of the rights of the parties in every other court as in that where the judgment was rendered. *Magnolia Petroleum Co.* v. *Hunt*, 320 U.S. 430 (1943). In keeping with this principle, it has been held that a divorce decree as to past due installments of alimony or child support is within the protection of the full faith and credit clause and may not be modified as long as the courts in the state which rendered the decree have no discretion to modify such accrued installments. *Sistare* v. *Sistare*, 218 U.S. 1 (1910). However, future installments under a sister state's decree may be modified as long as such installments are subject to modification in the state rendering the decree. *New York ex re. Halvey* v. *Halvey*, 330 U.S. 610 (1947).

The Revised Uniform Reciprocal Enforcement of Support Act, codified at Ark. Code Ann. §§ 9-14-301—334 (Repl. 1991), at section 9-14-340(a) provides:

> Upon registration the registered foreign support order shall be treated in the same manner as a support order issued by a court of this state. It has the same effect and is subject to the same procedures, defenses, and proceedings for the reopening, vacating, or staying as a support order of this state and may be enforced and satisfied in like manner.

Appellant agrees that Arkansas courts can treat the Missouri support order in the same manner as a support order issued in this state, as far as it involves obtaining jurisdiction of the parties and having the power to modify the order. However, appellant contends that any modifications made in Arkansas must be controlled by the law of Missouri.

Although Arkansas courts have not directly addressed the precise issue raised here, other jurisdictions have done so and their decisions provide guidance in this case. In *Elkind* v. *Byck*, 439 P.2d 316 (Cal. 1968), the court was also confronted with the situation where neither of the parties remained residents of the

rendering state. The parties were divorced in Georgia, where the decree incorporated an agreement for the husband to establish a trust in the amount of $11,500 from which monthly child support payments would be made. This support provision was not subject to modification. Eight years later, the mother initiated proceedings to obtain further support under URESA in New York, where she and the child had moved, and the case was transmitted to California where the father had become a resident. The father defended the petition on the ground that the California court could not impose, consistent with the full faith and credit clause, any support obligation in excess of his duty under the Georgia decree. The father relied on the decision in *Yarborough* v. *Yarborough*, 290 U.S. 202 (1933), where the United States Supreme Court reversed a decision from the Supreme Court of South Carolina and held that the courts of South Carolina were precluded by full faith and credit from modifying a Georgia child support decree which was not modifiable under Georgia law. The court in *Elkind*, however, held that California law applied. In rejecting the father's contention, the court reasoned that *Yarborough* was not controlling because the decision was founded upon the continuing presence of the obligor in the rendering state and because the Court had specifically reserved the question of whether a different result would obtain if the obligor no longer resided in the rendering state. *See also e.g. Rollins* v. *Rollins*, 602 A.2d 1121 (D.C. 1992). The *Elkind* court further observed that Georgia had not adopted the URESA provisions at the time *Yarborough* was decided, and expressed the view that with the adoption of the reciprocal support legislation "the federal system now espouses the principle that no state may freeze the obligations flowing from the continuing relationship of parent and child." 439 P.2d at 320.

A similar result was reached by the Missouri Court of Appeals in *Thompson* v. *Thompson*, 645 S.W.2d 79 (Mo. Ct. App. 1982). At issue in that case was the power of the Missouri court to modify a Kansas divorce decree so as to change the age of majority from eighteen, as provided under Kansas law, to twenty-one, in accordance with Missouri law. At the time modification was sought, both parties resided in Missouri. The court recognized the competing policies of full faith and credit clause in protecting the sovereignty of Kansas, as opposed to the policy of

Missouri with respect to the protection of domiciled minors in the area of parental support. In ruling that the Missouri court had the authority to order the husband's child support obligation continued past the age of eighteen, the court reasoned:

> A support decree governs a continuing relationship - that of the child and his parent. It is impossible for a rendering state to take into account another state's interest that may arise in the future. In the case at hand husband, wife, and children were domiciliaries of Kansas at the time the support decree was entered. But by the time the modification of that decree, which is the subject of this appeal, was sought, *all* parties had moved to Missouri. Missouri is responsible for the welfare of the Thompson children, and Missouri continues a father's support obligation until his child reaches the age of twenty-one. Mr. Thompson, the husband, became subject to Missouri law upon establishing a domicile in this state. Missouri need not accede to the judgment of a sister state concerning a continuing matter that has become a purely internal affair of Missouri.
>
> . . . .
>
> In weighing the interests of Kansas under the policy reasons for full faith and credit and the interests of Missouri in the maintenance and support of minor children domiciled in Missouri, the balance must be struck on the side of Missouri.

*Id.* at 87, 88 (citations omitted). *Cf. Davis* v. *Sullivan*, 762 S.W.2d 495 (Mo. Ct. App. 1988) (holding that the full faith and credit clause precluded modification of a foreign state's decree with regard to the age of majority where the obligor remained a resident of the rendering state).

■ In *In re the Marriage of McCabe*, 819 P.2d 1116 (Colo. Ct. App. 1991), the court held that the full faith and credit impact to be given a decree from one state to another depends not only on whether that decree is modifiable but also on the present domicile of the parties. The parties there had divorced in California, where the age of majority was eighteen. Subsequent to the divorce, the wife and child moved to Virginia while the husband moved to Colorado. The wife petitioned a Colorado court for an increase in

child support and also asked that support be continued until the child reached the age of twenty-one, the age of majority in Colorado. In ruling that Colorado could modify the foreign support decree and apply its age of majority, the court stated:

> Thus, for two primary reasons, we conclude here that the full faith and credit clause does not restrict Colorado from applying its majority age to a subsequent child support action where a decree from another state with a different majority age is involved.

> First, the absence of the parties from the rendering state, particularly the obligor and the child, diminishes the rendering state's interest in enforcing the decree in other states. Second, although the action here was not brought as a URESA action, the rendering state has, by adopting URESA laws, evidenced a general willingness to permit the laws of the obligor state to be applicable to further nonmodifiable child support payments.

> We therefore conclude that, because none of the parties to the initial decree still reside in California and since California has adopted URESA, the full faith and credit clause does not preclude the application of Colorado law in this instance.

*Id.* at 1120.

The case of *Finney* v. *Eagly*, 568 So. 2d 816 (Ala. Civ. App. 1990), contains facts closely resembling those found in this case. The parties obtained a divorce in Utah, after which the wife and children moved to Alabama and the husband moved to Montana. The husband later brought an action in an Alabama court seeking joint custody, or specific visitation in the alternative. The wife requested an increase in child support. In its ruling, the trial court determined that the age of majority was controlled by the law of Utah, which provided for the termination of support at age eighteen. On appeal from that ruling, the Alabama court was persuaded by the Missouri Court of Appeals' analysis in *Thompson* v. *Thompson, supra,* and reversed, holding that the issue was governed by Alabama law, which fixed the age of majority at age nineteen.

We note appellant's argument that the decision in *Holley* v.

*Holley*, 264 Ark. 35, 568 S.W.2d 487 (1978), is dispositive of the question presented here. There, in addressing the chancellor's remission of past due support under a foreign decree, the court, in *obiter dictum*, remarked in reference to full faith and credit that "[t]here is at least doubt about the power of the Arkansas court to reduce this foreign judgment under any circumstances in view of the Kansas law on this subject." The court went on to say that it was deciding the case under Arkansas law as the parties had not invoked Kansas law. It is clear that the court did not decide the issue raised here as the question was not squarely before it. Also, while the wife and children lived in Arkansas, it is not apparent from the opinion where the obligor resided and, as appellant recognizes, the decision antedates the enactment of URESA. Therefore, we do not agree that *Holley* is controlling.

Instead, from our review, the case law illustrates that the full faith and credit clause erects no barrier to the application of Arkansas law on this subject, particularly where the obligor has not remained a resident of the rendering state. In the present case, Arkansas and Missouri have both adopted the Uniform Reciprocal Enforcement of Support Act. Neither party questions the authority of an Arkansas Court to modify the Missouri decree and appellant has twice obtained affirmative relief from the court in this state. The parties here no longer have any ties to Missouri, except for the receipt by the clerk's office in Jackson County, Missouri, of appellee's monthly child support payments. Appellee has lived in Oklahoma since 1982 and appellant and their two sons have lived in Arkansas since 1980. We find that, after more than a decade, Arkansas has acquired an interest in the welfare of these children such that the issue of their support has become an internal affair of this state. Based on these considerations, we hold that the law of Arkansas is applicable, under the facts of this case, to the issue of their continuing support. Under Arkansas law, absent special circumstances which are not present here, there is no legal obligation on the part of a parent to contribute to the maintenance and support of his or her children after they reach the age of eighteen. *See Mitchell* v. *Mitchell*, 2 Ark. App. 75, 78-79, 616 S.W.2d 753, 754-55 (1981). The chancellor was correct in modifying the decree and terminating child support for the child who had reached the age of eighteen.

Affirmed.

CRACRAFT, C.J., and COOPER, J., agree.