Dennis R. AIKENS *v.* Sharon LEE

CA 94-1449            ·              918 S.W.2d 204

Court of Appeals of Arkansas
Division II
Opinion delivered March 20, 1996

*Dennis R. Aikens,* pro se.

*Mixon & McCauley, P.A.*, by: *Scott Waddell*, for appellee.

JOHN E. JENNINGS, Chief Judge. This is an appeal from an order of the Craighead County Chancery Court that appellant, Dennis R. Aikens, pay child support in the amount of $250.00 per month for the support of his son, Shon. For reversal appellant contends that the court erred in ordering him to pay child support because the child has reached majority and there was no showing of "special circumstances" and that the court erred in regard to the amount of support ordered. We agree with appellant's first point and therefore need not address the second.

At the time of the hearing the parties' son, Shon, had reached the age of majority and had finished one year as a student at the University of Arkansas. Shon is a music major and plays in the band, and when he goes on band trips must pay a portion of the cost of room and board. His mother testified that he had allergies and had to take allergy medicine. Shon testified that, at the time of the hearing in the summer of 1994, he was working forty hours a week as a cook at Hardee's. Ms. Lee testified that although Shon received scholarships, while he was in school it cost her between $120.00 to $150.00 per month.

The chancellor ordered child support in the amount of $250.00 per month beginning September 1, 1994. The court specifically found that there was sufficient justification and need shown for the court to extend child-support payments until the child attended three additional years of college. Support was conditioned on continued enrollment and also upon the child having regular communication with his father.

In ordering child support the court took into consideration the limited amount of support the appellant had paid in the past; that the child had completed one year of school and was a member of the band; and that his extracurricular activities did not permit him to work part-time.

Arkansas Code Annotated section 9-14-237(a)(1) provides:

> An obligor's duty to pay child support for a child shall automatically terminate by operation of law when the child reaches eighteen (18) years of age or should have graduated from high school, whichever is later, or when the child is

emancipated by a court of competent jurisdiction, marries, or dies, unless the court order for child support specifically extends child support after such circumstances.

This statute became effective August 13, 1993. Cases decided prior to the effective date of this act held that a parent may not be ordered to support a child who has reached majority absent special circumstances. *See Elkins* v. *James*, 40 Ark. App. 44, 842 S.W.2d 58 (1992). The parties to this appeal agree that Ark. Code Ann. § 9-14-237 did not abrogate these prior decisions. We need not decide that question because even if the statute does not supersede prior case law, the award of child support here cannot be sustained.

The question is what kind of circumstances will justify an award of support for a child who has reached majority. In *Mitchell* v. *Mitchell*, 2 Ark. App. 75, 616 S.W.2d 753 (1981), an opinion written by Judge Cloninger, we reviewed the existing decisions. We said:

> A number of Arkansas cases have held that a parent has a legal obligation to contribute to the education of an adult child, but in every case so holding there has been a circumstance of special need. In *Petty* v. *Petty*, 252 Ark. 1032, 482 S.W.2d 119 (1972), the Court held that support should be continued past majority where the daughter was afflicted with epilepsy and was in need of specialized training to obtain employment. In *Elkins* v. *Elkins*, 262 Ark. 63, 553 S.W.2d 34 (1977), the father was required to continue child support payments as long as his handicapped adult child was in college. In *Matthews* v. *Matthews*, 245 Ark. 1, 430 S.W.2d 864 (1968), the Court ordered support continued for an eighteen-year-old child until she graduated from high school.

We also cited *Riegler* v. *Riegler*, 259 Ark. 203, 532 S.W.2d 734 (1976). There the supreme court said:

> The question in the case at bar as to the youngest daughter is not whether appellant is morally obligated to assist her financially while attending college, but the question is whether he is *legally* obligated to do so under the evidence in this case.
>
> . . . .
>
> The appellant's daughter involved in the case at bar has

reached her majority and is not physically or mentally handicapped. We conclude, on trial *de novo*, that the appellant should have been relieved of the legal obligation to support his youngest daughter after she obtained her majority and graduated from high school.

While we appreciate the chancellor's motives in requiring support, we conclude that there is an insufficient showing of "special circumstances" to justify the award. In light of our holding on the first issue raised, appellant's second argument is moot.

Reversed.

ROBBINS and GRIFFEN, JJ., agree.