Gregory S. ROGERS *v.* Linda ROGERS

CA 02-1361                                         121 S.W.3d 510

Court of Appeals of Arkansas
Divisions II and III
Opinion delivered October 8, 2003

*Rebecca Brown, P.A.*, for appellant.

*John O. Payne*, for appellee.

ANDREE LAYTON ROAF, Judge. Gregory S. Rogers appeals from an order in which the trial court clarified and enforced provisions in his divorce decree regarding child support and payment of medical and college expenses. On appeal, Rogers argues that the trial court erred in (1) reimposing child support for an adult child; (2) interpreting and modifying the agreement entered into by the parties regarding the child's college expenses; (3) interpreting ambiguities in the parties' agreement against him by enlarging his financial obligations under the guise of payment of college expenses; (4) ordering him to reimburse appellee Linda Rogers for medical expenses for the adult child not paid by her to medical providers and for which she received an insurance settlement intending to cover the expenses; and (5) ordering him to pay Linda's attorney's fees and costs where no proof of contempt was shown. We agree that the trial court erred with respect to all payments with the exception of the award of attorney's fees, and consequently we reverse on all points except the award of attorney's fees.

Gregory and Linda were divorced in 1998 and were awarded joint custody of their two children, Breanne and Kasey Rogers. Gregory began making child-support payments pursuant to the Family Support Guidelines. Payment of college education expenses for the children was set out in a separate property-settlement agreement prepared by Linda's attorney and signed by both parties. Gregory did not have an attorney for either the divorce or the property-settlement agreement.

In December 1999, Linda and Breanne were involved in an automobile accident. Breanne, who was seventeen years old at the time, sustained a broken leg and a head injury, and has since recovered after surgery on her leg and rehabilitation for reading and memory loss. On June 21, 2000, after the accident, the parties entered into an Agreed Order terminating child support for Breanne, who was then eighteen, and reducing the amount of support to be paid for Kasey, commensurate with Gregory's income and the Family Chart Guidelines for support for one child. Linda had moved to Texas, so the Agreed Order also changed sole custody of Kasey to Linda.

On July 25, 2001, Linda filed a Motion for Contempt alleging that Gregory should be ordered to pay one-half of the medical bills for Breanne incurred from December 30, 1999, to April 28, 2000, with respect to the automobile accident. Linda also sought to increase child support for Kasey and to "clarify" the term "expenses associated with attending college," which was set out in the parties' property-settlement agreement. Linda later filed an amended motion asking that Gregory pay all of the insurance premiums for Kasey, although the parties had agreed to divide the premiums in the order entered on June 21, 2000. On April 8, 2002, just seven days before the hearing on her contempt motions, Linda filed a Second Amended Motion asking that child support for Breanne be reinstated due to a disability resulting from the automobile accident. The Second Amended Motion also requested that Gregory pay one-half of the continuing medical expenses on Breanne, including medical-insurance premiums. A hearing was held on April 15, 2002, and a ruling was entered on May 8, 2002. Gregory's counsel asked for a clarification of some issues, and a second ruling was issued on May 21, 2002.

Gregory filed a Motion to Set Aside Ruling From the Bench or in the alternative, a Motion for Reconsideration on June 10, 2002. The trial court denied the Motion by letter order, and the

final order was entered on August 1, 2002. The order reimposed child support, medical-insurance premiums, and payment for Breanne's medical bills until she obtains her undergraduate degree. The order also required Gregory to pay one-half of the medical expenses from Breanne's accident to Linda. The order interpreted the college education expense section of the parties' property-settlement agreement, and required Gregory to pay to Breanne, in addition to child support on her behalf to Linda, the sum of $300 per month, and to pay for her books and tuition not covered by scholarship funds. The court also ordered Gregory to pay $350 in attorney's fees and costs. Gregory appeals from this order.

Gregory first argues that the trial court's ruling to reimpose child support, which had ceased by court order after the child had reached majority, was contrary to Arkansas statute and case law. We agree. Arkansas Code Annotated section 9-14-237 (Repl. 2002) provides that an obligor's duty to pay child support for a child shall automatically terminate by operation of law when the child reaches eighteen years of age or should have graduated from high school, whichever is later. The parties entered into an agreed order to terminate child support after Breanne had reached the age of eighteen and completed high school. This order was also entered into after the accident from which Linda now claims that Breanne suffers a disability. The trial court based the reinstatement of child support on its finding that Breanne is disabled.

The general rule in Arkansas is that a parent is legally obligated to support his or her child at least until the time the child reaches majority. *Babb v. Matlock,* 340 Ark. 263, 9 S.W.3d 508 (2000); *see Towery v. Towery,* 285 Ark. 113, 685 S.W.2d 155 (1985). However, we have held the duty to support a child does not cease at majority *if* the child is mentally or physically disabled in any way *at* majority and needs support. *Towery v. Towery, supra; Elkins v. Elkins,* 262 Ark. 63, 553 S.W.2d 34 (1977) (dyslexia); *Petty v. Petty,* 252 Ark. 1032, 482 S.W.2d 119 (1972) (epilepsy); *Eskridge v. Eskridge,* 216 Ark. 592, 226 S.W.2d 811 (1950) (physically injured at birth). These cases all involved unemancipated children who had reached majority but were unable to care for themselves. *Towery,* 285 Ark. at 116, 685 S.W.2d at 157.

Moreover, although we have often said that the trial court is in the superior position to weigh the credibility of the witnesses, and that we will defer to the trial court absent an abuse

of discretion, *see e.g., Andres v. Andres*, 1 Ark. App. 75, 613 S.W.2d 404 (1981), in this instance, the record is devoid of any medical testimony or evidence other than the personal opinions of Breanne, Linda, and Gregory as to the extent of Breanne's impairments. In fact, the trial judge noted this deficiency; however, in his letter order, he found Breanne disabled but did not explain what led him to this conclusion. Breanne and Linda testified that, since the accident, Breanne has had trouble with reading, math, and memory. However, following the accident, Breanne was still able to graduate first in her class, and has maintained a 3.8 G.P.A. in her first two years of college. In describing her reading limitations, Breanne said that where she once could scan a document quickly, she now has to read things "word for word." She further stated, "I cannot just read over stuff, like, two times real quick and go in and take the test. I have to study, like, two hours a night." Breanne lives independently in an apartment, has been employed, is able to travel, and attends classes regularly. Breanne further testified that her school provides her with a counselor to address her scholastic limitations and needs. Breanne further testified that her father had been paying her apartment rent and utilities and also gave her additional spending money. In a factually analogous case, *Aikens v. Lee*, 53 Ark. App. 1, 918 S.W.2d 204 (1996), this court found that a son who had reached majority, finished a year at university, played in the college band, and worked, lacked sufficient cause to show special circumstances requiring continued payment of child support. Accordingly, we conclude that, under the circumstances of this case, the trial court clearly erred in reinstating child support, and we reverse this award.

Gregory next argues that the trial court had no authority to interpret and modify the contractual agreement entered in by the parties with regard to the child's college expenses. Linda requested that the court "clarify" the property-settlement-agreement provision concerning payment of college education expenses for Breanne. The provision states, "Defendant is actively involved in the selection of colleges for the children to attend. Defendant agrees to pay for books, tuition and expenses associated with attending college, which are not covered by scholarship funds for the children. Payments are to be made directly to the provider or to the child, upon presentation to the defendant of a statement setting out the expense involved."

Gregory argues that the language of the decree was clearly stated and that the court did not have the authority to modify a contractual agreement entered into by the parties. Gregory relies on a case that states that a court may not modify or change a contractual property-settlement agreement over the objection of one of the parties, in the absence of fraud. *Collie v. Collie*, 242 Ark. 297, 413 S.W.2d 42 (1967). It is true that an independent property-settlement agreement, if approved by the court and incorporated into the decree, may not be subsequently modified by the chancellor. *Jones v. Jones,* 26 Ark. App. 1, 4, 759 S.W.2d 42, 44 (1988). However, such agreements are subject to interpretation by the court. *See Sutton v. Sutton,* 28 Ark. App. 165, 167, 771 S.W.2d 791, 792 (1989); *Jones, supra*; *Kunz v. Jarnigan,* 25 Ark. App. 221, 226, 756 S.W.2d 913, 915-16 (1988); *Martin v. Martin,* 6 Ark. App. 18, 19, 637 S.W.2d 612, 613 (1982); *Stracener v. Stracener,* 6 Ark. App. 1, 2, 636 S.W.2d 877, 878 (1982).

The trial court found that Gregory had agreed to pay for "some other expenses" in addition to Breanne's tuition and books not covered by scholarship funds, and ordered him to pay her $300 per month so long as she attended college as a full-time student, away from home. The testimony presented at the hearing indicated that Breanne's tuition and books were covered by scholarship funds, and that although Gregory was not allowed to become involved in the selection of colleges for Breanne as provided in the agreement, he had been paying her rent, utilities, and other costs. We agree that the trial court erred in ordering Gregory to pay to Breanne $300 per month for what Gregory has characterized as "spending money," in addition to the college expenses set forth in the parties' agreement, and that Gregory had already been paying. There is simply no provision in the agreement for such an allowance, and no evidence to support this award other than Linda's testimony that Gregory should be required to pay Breanne's living expenses plus an allowance for "miscellaneous expenses." We thus reverse outright the award of $300 per month to Breanne, and consequently need not address Gregory's third argument that the trial court interpreted ambiguities in the agreement against him by enlarging his obligations for payment of college expenses.

Gregory next argues that the trial court erred in ordering him to reimburse Linda for Breanne's medical expenses where Linda had not paid the medical providers herself or from either her or Breanne's insurance settlement from the automobile accident. In this regard, Linda filed a motion alleging that Gregory was in contempt for failing to pay her $2,194.31, which was one-half of the amount that health insurance did not cover; Gregory's medical insurance had paid for 97.1% of Breanne's medical bills. Gregory contends that this $4,235.65 should have been paid from the $75,000 settlement paid to Breanne by the party who caused the accident or from the proceeds of Linda's own vehicle insurance policy for underinsured motorist coverage. Gregory also contends that the amount remaining after his health insurance paid 97.1% was not overly burdensome, and Breanne would have netted $70,764 after payment of the outstanding bills.

The divorce decree provided that Gregory would carry medical insurance on the minor children and further provides that the parties would only divide equally the childrens' medical bills "not covered by insurance," without designating the type of insurance. At the time of the accident, Breanne was still a minor. With regard to the insurance settlement she received, the testimony reflects that Breanne bought a $21,000 Ford Explorer for which she paid cash, loaned her mother $30,000 toward a down-payment on a home, and loaned her mother another $10,000 to buy a car. Breanne also testified to using some of the money to buy clothes and for recreational activities. There was no evidence presented that Linda had paid any medical bills, and, although she did state that she had "made arrangements" with the providers, she did not explain or clarify what this statement meant, or why the insurance settlement had not covered them. The trial court simply found that Linda had "incurred" the medical expenses of $4,388.63 for Breanne and ordered Gregory to pay one-half of this sum directly to Linda within ninety days. We agree that the trial court erred in ordering this payment to Linda in the absence of evidence that Linda had paid these expenses, and in light of the insurance settlement that was intended to cover them. Consequently, we reverse and remand for the trial court to determine whether Linda has paid any of Breanne's medical expenses, and whether any such payments came from her funds or from the insurance settlements.

■ Gregory's final argument is that the trial court erred in requiring him to pay Linda's attorney's fees and costs. It has consistently been the rule in Arkansas that attorney's fees are not chargeable as costs in litigation unless specifically permitted by statute. *City of Hot Springs v. Creviston*, 288 Ark. 286, 705 S.W.2d 415 (1986). However, our courts have recognized the inherent power of a court of equity to award attorney's fees in domestic relations proceedings, and whether the trial judge should award fees and the amount thereof are matters within the discretion of the trial court. *Irvin v. Irvin*, 47 Ark. App. 48, 883 S.W.2d 862 (1994); *Paulson v. Paulson,* 8 Ark. App. 306, 652 S.W.2d 46 (1983). A trial court's decision as to attorney's fees will not be disturbed on appeal absent an abuse of discretion. *McKay v. McKay,* 340 Ark. 171, 8 S.W.3d 525 (2000).

■ The trial court found that Linda was entitled to an attorney's fee of $350 for issues she prevailed on. Although we are reversing on all of the points raised in Gregory's appeal, Gregory stipulated at trial that he had failed to provide Linda a copy of his income tax return as provided in the parties' divorce decree, and was ordered to do so within thirty days of filing. Moreover, child support for the parties' remaining minor child had to be modified as a result of Breanne's attaining majority. Although the trial court did not find that Gregory was in contempt, under the circum-stances of this case, we cannot say that the trial court abused its discretion in awarding a $350 attorney fee to Linda and affirm on this point.

Affirmed in part, reversed in part; reversed and remanded in part.

NEAL, VAUGHT, and CRABTREE, JJ., agree.

STROUD, C.J., and BAKER, J., concur in part; dissent in part.

KAREN R. BAKER, Judge, concurring in part and dissenting in part. I agree with the majority that the reinstatement of child support for the adult child was in error and must be reversed. I also agree to affirm the award of attorney's fees. However, I dissent from the majority's opinion on two points. I would not hold that the trial court erred in: (1) ordering Gregory to pay $300 per month to Breanne as long as she attends college as a full-time student, away from

home; and (2) directing the court to determine on remand the source of funds from which Linda may have paid any of Breanne's medical payments.

First, the majority's opinion ignores the existence of Gregory's obligation to pay "expenses associated with attending college." The parties' settlement agreement addressed appellant's financial obligation for the time the parties' two daughters attend college. It reads:

> Defendant is to be actively involved in the selection of colleges for the children to attend. Defendant agrees to pay for books, tuition *and expenses associated with attending college*, which are not covered by scholarship funds, for the children. Payments are to be made directly to the provider or to the child, upon presentation to the Defendant of a statement setting out the expense involved. (Emphasis added.)

The majority acknowledges that the trial court found that Gregory had agreed to pay for "some other expenses" in addition to Breanne's tuition and books not covered by scholarship funds yet concludes that "[t]here is simply no provision in the agreement for such an allowance." I cannot reconcile that conclusion with the plain language of the agreement providing for payment of "expenses associated with attending college." Neither can I accept the majority's statement that there is "no evidence to support this award other than Linda's testimony." The majority acknowledges that Linda's testimony supports the award, but does not credit her testimony. This is a credibility determination in which we should defer to the trial court.

In cases involving child custody and related matters such as support, we review the case *de novo*, but we will not reverse a trial judge's findings unless they are clearly erroneous. *Deluca v. Stapleton*, 79 Ark. App. 138, 84 S.W.3d 892 (2002). Although there is evidence to support it, a finding is clearly erroneous when the reviewing court is left with the definite and firm conviction that a mistake has been made. *Smith v. Parker*, 67 Ark. App. 221, 998 S.W.2d 1 (1999). Because the question of whether the trial court's findings are clearly erroneous turns largely on the credibility of the witnesses, we give special deference to the superior position of the trial judge to evaluate the witnesses and their testimony. *Ford v. Ford*, 347 Ark. 485, 65 S.W.3d 432 (2002).

A review of the trial court's order indicates that in addition to the $300 each month, the reinstatement of child support was intended to enforce the divorce-decree provision requiring appellant to pay college expenses for Breanne. The order provides that Gregory Rogers will pay child support for Breanne "until she receives her undergraduate degree" and that "Breanne Rogers, an adult child, is disabled, and . . . has special needs because of her academic pursuits." The court ordered Gregory Rogers to pay for books and tuition, not covered by scholarship funds, "in addition to child support for Breanne Rogers, and the sum of $300 on or before the 1st day of each month, so long as she attends college as a full-time student, away from her home, with said payments to be paid directly to Breanne Rogers." These statements indicate that the child support was intended to address Gregory Rogers' financial obligation to provide college expenses pursuant to the divorce decree.

Nevertheless, reinstating child support for the oldest child was not an appropriate means to enforce the decree. Therefore, I would remand on the issue of college expenses and instruct the trial court to determine Breanne's "expenses associated with attending college" and order those be paid in accordance with the decree.

Second, I dissent from the portion of the majority's opinion directing the court to determine on remand the source from which Linda may have paid any of Breanne's medical expenses. The majority instructs the trial court to determine whether Linda used her personal funds or if any payment was made from the insurance settlement awarded to Breanne for her injury. The majority's reason for this requirement is the divorce decree's provision that Gregory would carry medical insurance on the minor children and that each party would be equally responsible for the children's medical bills "not covered by insurance." The majority suggests that because the phrase "not covered by insurance" does not designate "the type of insurance," the parties specifically contemplated in their original agreement that insurance from any source for any reason would relieve Gregory from his obligation. I disagree with that premise. Nothing in this record indicates that any part of Breanne's settlement was designated for medical payments. She incurred the injuries and bills while still a minor. Appellant is still equally liable for medical bills not covered by his insurance. However, I would remand on this point because there is no finding that appellee paid the bills prior to the hearing.

Therefore, I would remand for the court to consider whether appellant should be required to reimburse appellee or to pay the medical providers directly.

For the forgoing reasons, I would remand on the issues of college expenses and medical bills. I respectfully dissent from the majority's opinion on those issues.

STROUD, C.J., joins.