Paul L. ARTMAN *v.* Vickie D. Artman HOY

06-1428                                               257 S.W.3d 864

Supreme Court of Arkansas
Opinion delivered May 31, 2007

*Dara N. Young, P.A.*, by: *Dara N. Young*, for appellant.

*Judith Rebecca Pratt Hass*, for appellee.

DONALD L. CORBIN, Justice. Appellant Paul L. Artman appeals the Washington County Circuit Court's order denying his petition to terminate alimony and awarding Appellee Vickie D. Artman Hoy $2,500 in costs and attorney's fees. On appeal, Artman raises two arguments for reversal: the trial court erred (1) in denying his motion to terminate his alimony obligation, as set forth in the Property Settlement Agreement and Child Custody, Visitation, and Support Agreement (collectively "the Agreement") and incorporated into the parties' divorce decree, because Ark. Code Ann. § 9-12-312 (Repl. 2002) provided for automatic termination of alimony obligations upon Hoy's remarriage; and (2) in determining that Hoy was entitled to attorney's fees in defending Artman's motion to terminate alimony because there was no lawsuit to recover unpaid monies or for breach of contract, and Artman was not found to be in contempt of court. Although this case was originally filed with the court of appeals, we assumed jurisdiction pursuant to Ark. Sup. Ct. R. 1-2(b)(2) and (6) because it involves perceived inconsistencies in our case law, as well as an issue of statutory interpretation. We find no error and affirm.

On October 11, 2004, Artman and Hoy obtained a divorce in the Washington County Circuit Court, Domestic Relations Division. The trial court entered a divorce decree which incorporated the Agreement, and stated, in part, that:

[Artman] shall pay alimony in the amount of $189.00 per week beginning June 25, 2004. That alimony will be $700.00 per month when the children are 18 years of age. That [Artman] shall pay alimony weekly for the term of 10 years from the date of the final decree in this matter.

On April 8, 2006, Hoy remarried.

Following this remarriage, on June 9, 2006, Artman filed a motion to terminate his alimony obligation, pursuant to the automatic termination provisions of section 9-12-312. On July 24, 2006, Hoy responded alleging that her remarriage did not affect Artman's obligation to pay term-of-years alimony. The following day she filed a petition for citation of contempt and for order to appear and show cause alleging that Artman had willfully failed and refused to comply with the court's order by failing to pay the installments on his alimony obligation. On September 28, 2006, the trial court entered an agreed order to deposit funds in the court registry wherein Artman was allowed to pay the disputed monthly alimony payments to the registry.

On October 23, 2006, Artman filed his trial brief in which he alleged that the trial court must discontinue his alimony obligations because of Hoy's remarriage, pursuant to section 9-12-312 and *Smith v. Smith*, 41 Ark. App. 29, 848 S.W.2d 428 (1993). Additionally, he asserted that he should not be held in contempt of court because Hoy had remarried and had other means by which to financially support herself, thus rendering it inequitable to punish Artman by means of the trial court's contempt power. That same day, Hoy filed her trial brief in which she argued that (1) Artman's unilateral refusal to pay alimony was a contemptuous violation of the divorce decree and was a breach of contract under the independent agreement; and (2) the alimony provision of the Agreement was not modifiable by the trial court nor subject to section 9-12-312. Moreover, Hoy asked for attorney's fees and interest.

A hearing was held on October 24, 2006, regarding all motions, petitions, and briefs filed with the trial court. At the close of the hearing, the trial court announced that it found *Rockefeller v. Rockefeller*, 335 Ark. 145, 980 S.W.2d 255 (1998), controlling because it dealt with an independent contract which was incorporated into a divorce decree. Specifically, the court found that section 9-12-312 did not apply to this contract between the parties because:

the terms could have been negotiated otherwise than they were, but as the Supreme Court said in the Rockefeller case, when you do enter into a contract, it's your responsibility and your attorney's to make sure that you don't enter into — and I'm paraphrasing again — that you don't enter into an improvident agreement. And, I believe that that may be what happened here is that Mr. Artman and his counsel at the time had just not, in common language, covered all the bases.

So, for that reason, I find that the petition to terminate the alimony should be dismissed.

Additionally, the trial court found that because the parties agreed that Artman would pay alimony into the registry, Hoy waived any claim she would have had to Artman being found in contempt of court. Lastly, the trial court asked Hoy to submit an affidavit related to attorney's fees and costs.

On November 9, 2006, Hoy filed a motion for attorney's fees and costs requesting $7,400 as the prevailing party. Artman responded that attorney's fees and costs were unwarranted because this was not a lawsuit to recover unpaid monies or for breach of contract. Furthermore, he argued that an award of fees would not be appropriate because he was not found to be in contempt of court.

On November 14, 2006, the trial court entered its order finding, in part:

4. The Court finds that, consonant with its reasoning as pronounced in its closing Remarks (a true and correct copy of which was filed in this action on November 1, 2006 and which is incorporated, word for word, into this Order), the Property Settlement Agreement constituted an independent contract and that, as such, the contract is not subject to modification as to the periodic alimony award contained therein.

IT IS THEREFORE ORDERED, ADJUDGED AND DECREED that [Artman's] Petition to Terminate Alimony should be and hereby is DENIED. [Artman] shall resume periodic payments to [Hoy] as agreed in the Property Settlement Agreement and as directed in the Decree of Divorce. . . .

. . . .

IT IS FINALLY ORDERED that [Artman] shall, within forty-five (45) days of the date of this Order, pay to Ms. Hass, as attorney for [Hoy], the sum of $2,500.00 for costs and attorney fees associated within this action. . . .

This appeal followed.

Artman's first argument for reversal is that the trial court erred in denying his motion to terminate his alimony obligation, as set forth in the Agreement and incorporated into the parties' divorce decree, because section 9-12-312 provides for automatic termination of alimony obligations upon Hoy's remarriage. Specifically, Artman argues that, because there is no language in the Agreement that the parties ever agreed that his alimony obligation should not cease upon Hoy's remarriage, the automatic termination of alimony provision of Ark. Code Ann. § 9-12-312(a)(1) (Repl. 2002) should not be overridden. In response, Hoy argues that, because the Agreement is an unambiguous independent contract, section 9-12-312(a)(1) is inapplicable since that section only comes into consideration where enforcement of a divorce decree containing an alimony provision is at play, and not when the obligation flows from a separate, valid, and unambiguous contract. Specifically, she claims that the principles of contract interpretation should apply, and that Artman's argument that section 9-12-312 applies to the Agreement is in sharp opposition to these principles.

In reviewing domestic-relations cases, we perform a de novo review. *Taylor v. Taylor*, 369 Ark. 31, 250 S.W.3d 232 (2007); *Farrell v. Farrell*, 365 Ark. 465, 231 S.W.3d 619 (2006). We will not reverse the trial court's finding of fact unless it is clearly erroneous. *Id*. A finding is clearly erroneous when the reviewing court, on the entire evidence, is left with the definite and firm conviction that a mistake has been committed. *Id*. Furthermore, we review issues involving statutory construction de novo, as it is for this court to decide what a statute means. *Farrell*, 365 Ark. 465, 231 S.W.3d 619. The first rule in considering the meaning and effect of a statute is to construe it just as it reads, giving the words their ordinary and usually accepted meaning in common language. *Id*. When the language of a statute is plain and unambiguous, there is no need to resort to the rules of statutory construction. *Id*. Thus, when a statute is clear, it is given its plain meaning and this court will not search for legislative intent; rather, that intent must be gathered from the plain meaning of the language used. *Id*.

Section 9-12-312(a)(1)(A) states:

> When a decree is entered, the court shall make orders concern-
> ing the alimony of the wife or the husband and the care of the
> children, if there are any as are reasonable from the circumstances of
> the parties and the nature of the case. *Unless otherwise* ordered by the
> court or *agreed to by the parties*, the liability for alimony shall
> automatically cease upon the earlier of:
>
> > (A) the date of the remarriage of the person who was
> > awarded the alimony[.] [Emphasis added.]

Thus, it is clear from the plain meaning of the statute that alimony
payments cease upon remarriage of the alimony recipient. It is also
clear that the parties can enter into an agreement setting the terms of
an alimony obligation, such that it may continue beyond the alimony
recipient's remarriage. *See also Rockefeller*, 335 Ark. at 154, 980
S.W.2d at 259 (discussing section 9-12-312 and explaining that "the
General Assembly clearly indicated that it is permissible for a divorc-
ing couple to contractually agree to continue alimony even after one
of the parties has children with another person and is obligated to pay
child support"). It is also well settled that a court has no authority to
modify an independent contract that is made part of a divorce decree.
*See Rockefeller*, 335 Ark 145, 980 S.W.2d 255; *Helms v. Helms*, 317
Ark. 143, 875 S.W.2d 849 (1994). Thus, the issue is whether section
9-12-312(a)(1) is applicable, to situations such as here, where the
alimony obligation was laid out in a separate property settlement
agreement agreed upon by the parties and incorporated, by the court,
into the divorce decree.

In *Rockefeller*, we explained that "alimony, in instances
where there is an agreement, arises from a contract right, not an
equitable right, through the system of justice." *Id.* at 153, 980
S.W.2d at 258. Therefore, while the agreement is still subject to
judicial interpretation, we must apply the rules of contract con-
struction in interpreting the agreement. *Pittman v. Pittman*, 84 Ark.
App. 293, 139 S.W.3d 134 (2003). When a contract is unambigu-
ous, its construction is a question of law for this court. *Id.*; *Unigard
Sec. Ins. Co. v. Murphy Oil USA, Inc.*, 331 Ark. 211, 962 S.W.2d
735 (1998). When contracting parties express their intention in a
written instrument in clear and unambiguous language, it is the
court's duty to construe the writing in accordance with the plain

meaning of the language employed. *Pittman*, 84 Ark. App. 293, 139 S.W.3d 134; *Green v. Ferguson*, 263 Ark. 601, 567 S.W.2d 89 (1978).

In the present case, it is undisputed that the Agreement is unambiguous. It is also clear from the plain meaning of the Agreement, specifically the alimony provision, that the parties agreed to a term of ten years during which Artman was obligated to make alimony payments to Hoy. Therefore, it follows that this was an agreement otherwise, as contemplated by section 9-12-312(a)(1), such that the automatic termination provision regarding remarriage is not applicable. Thus, the trial court did not err in refusing to terminate Artman's alimony obligation.

Artman's second argument for reversal is that the trial court erred in determining that Hoy was entitled to attorney's fees in defending Artman's motion to terminate alimony. Specifically, Artman claims that, because there was no lawsuit to recover unpaid monies or for breach of contract and Artman was not found to be in contempt of court, Hoy was not statutorily entitled to receive attorney's fees and costs. Hoy, on the other hand, claims that she is entitled to attorney's fees, pursuant to both Ark. Code Ann. § 16-22-308 (Repl. 1999) and Ark. Code Ann. § 9-12-309 (Repl. 2002), because the instant matter involves both a contract dispute to enforce the Agreement and a contempt petition to enforce the terms of a divorce decree, specifically alimony. Relying upon these statutes, Hoy argues that she was entitled to the attorney's fees because she was the prevailing party in both a contract dispute and a support dispute.

As a general rule, attorney's fees are not allowed in the absence of a statute permitting their allowance. *See, e.g., Davis v. Williamson*, 359 Ark. 33, 194 S.W.3d 197 (2004); *Rogers v. Rogers*, 83 Ark. App. 206, 121 S.W.3d 510 (2003). However, the trial court has an inherent power to award attorney's fees in domestic-relations proceedings, "and whether the trial judge should award fees and the amount thereof are matters within the discretion of the trial court." *Id.* at 214, 121 S.W.3d at 514-15. *See also Davis*, 359 Ark. 33, 194 S.W.3d 197 (explaining that the trial court has broad discretion to award attorney's fees). Thus, a trial court's decision related to attorney's fees will not be disturbed on appeal absent an abuse of discretion. *See, e.g., McKay v. McKay*, 340 Ark. 171, 8 S.W.3d 525 (2000).

Section 16–22–308 states:

> In any civil action to recover on an open account, statement of account, account stated, promissory note, bill, negotiable instrument, or contract relating to the purchase or sale of goods, wares, or merchandise, or for labor or services, or breach of contract, unless otherwise provided by law or the contract which is the subject matter of the action, the prevailing party may be allowed a reasonable attorney's fee to be assessed by the court and collected as costs.

Additionally, section 9–12–309(b) allows "either party additional attorney's fees for the enforcement of alimony, maintenance and support provided for in the decree."

In the present case, Artman argues that neither statute is applicable. First, he claims that section 16–22–308 is inapplicable because there was no lawsuit to recover unpaid monies or for breach of contract. Second, he argues that section 9–12–309 is not applicable to the circumstances of this case as it involved his petition to terminate alimony payments, and there was no issue of whether Hoy was trying to enforce alimony payments, because they had already been made into the court registry pursuant to the agreed order. Thus, he concludes that because Hoy had no statutory right to attorney's fees, she should not have been awarded $2,500. Besides his own reasoning and the language of the statutes, Artman does not cite to any legal authority in support of his argument as to why the award was unwarranted. Thus, the trial court's grant of attorney's fees should be affirmed on this point. *See Nielsen v. Berger-Nielsen,* 347 Ark. 996, 1009, 69 S.W.3d 414, 422 (2002) (holding that "[t]he failure to cite authority is sufficient reason to affirm the trial court's ruling" on attorney's fees).

Affirmed.