CHILD SUPPORT ENFORCEMENT UNIT
*v.* Steve HALLER

CA 94-724                                             899 S.W.2d 485

Court of Appeals of Arkansas
Division II
Opinion delivered June 7, 1995

*Office of Child Support Enforcement*, by: *John C. Wisner, III,* for appellant.

*Russell D. Berry,* for appellant.

JUDITH ROGERS, Judge. The appellant in this paternity case, the Arkansas Department of Human Services, Child Support Enforcement Unit (CSEU), appeals from an order awarding the appellee, Steve Haller, attorney's fees. In December 1992, CSEU filed a paternity complaint in the chancery court of Arkansas County, alleging that appellee was the father of a child born out of wedlock. After a blood test excluded appellee as the father, CSEU filed a motion to dismiss the complaint. In a response filed September 13, 1993, appellee sought attorney's fees of $350.00. CSEU then responded that attorney's fees are not authorized by statute in cases where the alleged father is determined not to be the father. The chancellor dismissed the complaint and awarded appellee $250.00 in attorney's fees.

Both parties to this appeal agree that the rule in Arkansas is that attorney's fees are not awarded unless expressly provided for by statute or rule. *See Gill* v. *Transcriptions, Inc.,* 319 Ark. 485, 489, 892 S.W.2d 258 (1995); *Friends of Children, Inc.* v. *Marcus,* 46 Ark. App. 57, 62, 876 S.W.2d 603 (1994). CSEU argues that the applicable statute, Arkansas Code Annotated § 9-10-109(a)(1) (Repl. 1993), provides for attorney's fees only when paternity is established. Section 9-10-109(a)(1) provides:

> *Subsequent to the finding by the court that the defendant is the father of the child,* the court shall follow the same guidelines, procedures, and requirements as set forth in the laws of this state applicable to child support orders and judgments entered by the chancery court as if it were a case involving a child born of a marriage in awarding cus-

tody, visitation, setting amounts of support costs and attorney's fees, and directing payments through the clerk of the court.

(Emphasis added.) Here, there was no finding that appellee was the father of the child, and we agree with appellant that § 9-10-109(a)(1) does not provide a statutory basis for the award.

We have examined the cases cited by appellee in his argument that even absent specific statutory authority, the trial court had discretionary authority to award attorney's fees. We agree that the cases provide for the exercise of discretion by the trial court in the amount and timing of certain awards and the extension of a parent's visitation rights to grandparents of children born out of wedlock. We find, however, that these cases fall far short of providing a basis for overcoming the rule that attorney's fees are not to be awarded unless expressly provided for by statute. Appellee also argues that the award could be made pursuant to the inherent power of a court of equity to award attorney's fees in domestic relations proceedings. Appellee's assertion presupposes that a familial relationship exists. Here, no such relationship has been established.

When the language of a statute is plain and unambiguous, the language is given its plain and ordinary meaning. *Daley* v. *City of Little Rock*, 319 Ark. 440, 446, 892 S.W.2d 254 (1995); *Leathers* v. *Compton*, 316 Ark. 10, 13, 870 S.W.2d 710 (1994); *Smith* v. *Smith*, 41 Ark. App. 29, 32, 848 S.W.2d 428 (1993). The plain language of § 9-10-109(a)(1) thus limits its operation to proceedings in which the court finds the putative father to be the father of the child. Because there is no statutory authority for the award made in this case, the trial court's award of attorney's fees is reversed.

Reversed.

JENNINGS, C.J., and PITTMAN, J., agree.