Christine M. JONES *v.* Jerry A. JONES

95-1150                                          938 S.W.2d 228

Supreme Court of Arkansas
Opinion delivered February 3, 1997

*McNutt Law Firm*, by: *Mona J. McNutt*, for appellant.

*Helen Rice Grinder*, for appellee.

PER CURIAM. In November 1990, the Faulkner County Chancery Court awarded Christine Jones, the appellant, a divorce from Jerry Jones, the appellee, and awarded custody of the Joneses'

son, Cameron, to Ms. Jones. In December 1992, Mr. Jones petitioned the Chancery Court to modify its original decree and award him custody of Cameron. The Chancery Court issued a series of *ex parte* orders that permitted Mr. Jones to retain custody of Cameron pending a final hearing on the matter, and on March 7, 1994, the Chancery Court modified its original decree and awarded permanent custody of Cameron to Mr. Jones. The Court of Appeals affirmed the Chancery Court in *Jones v. Jones,* 51 Ark. App. 24, 907 S.W.2d 745 (1995). On November 4, 1996, we reversed the Court of Appeals and remanded the case to the Chancery Court with instructions to reinstate the original custody decree that had awarded custody of Cameron to Ms. Jones. *Jones v. Jones,* 326 Ark. 481, 931 S.W.2d 767 (1996). The mandate was issued on November 22, 1996.

On December 12, 1996, Ms. Jones filed a petition in this Court for extraordinary relief and expedited proceedings. In the petition, Ms. Jones stated that the Chancery Court had failed to reinstate the original custody decree in accordance with our mandate, and she asked this Court to order the immediate transfer of custody. We granted Ms. Jones's petition in a *per curiam* opinion issued on December 13, 1996. *See Jones v. Jones,* 326 Ark. 828, 933 S.W.2d 810 (1996). The original custody decree was reinstated on the same day.

Currently pending before this Court is Ms. Jones's petition for attorney's fees and sanctions against Mr. Jones. The petition was filed on December 18, 1996. Ms. Jones seeks to recover $38,532.16 for the legal expenses she incurred while her case was pending in the Chancery Court from December 1992 to March 1994. She seeks to recover $33,917.02 for the legal expenses she has incurred in the course of appealing the Chancellor's ruling of March 1994. Ms. Jones also asks the Court to impose sanctions on Mr. Jones for threatening to sue for custody of Cameron at some point in the future. Mr. Jones has moved to dismiss the petition filed by Ms. Jones.

Having examined the invoices submitted by Ms. Jones's counsel, we conclude that Ms. Jones is entitled to recover $8,000.00 for legal services rendered in connection with the

appeal of the Chancellor's final ruling. We find ample authority permitting an award of attorney's fees in cases involving the modification of a custody decree. *Moore v. Smith,* 255 Ark. 249, 499 S.W.2d 634 (1973); *Smith v. Smith,* 28 Ark. App. 56, 770 S.W.2d 205 (1989); *Norman v. Norman,* 268 Ark. 842, 596 S.W.2d 361 (Ark. App. 1980). A court enjoys inherent authority to award attorney's fees in such cases. *Irvin v. Irvin,* 47 Ark. App. 48, 883 S.W.2d 862 (1994); *Paulson v. Paulson,* 8 Ark. App. 306, 652 S.W.2d 46 (1983); *Payne v. White,* 1 Ark. App. 271, 614 S.W.2d 684 (1981). *See Schwarz v. Moody,* 55 Ark. App. 6, 928 S.W.2d 800 (1996); *Child Support Enforcement Unit v. Haller,* 50 Ark. App. 10, 899 S.W.2d 485 (1995); *Tortorich v. Tortorich,* 50 Ark. App. 114, 902 S.W.2d 247 (1995). *See generally* Howard W. Brill, *Arkansas Law of Damages* § 11-6, at p. 122 (2d ed. 1990). Moreover, Ark. Code Ann. § 9-12-309(a) (Repl. 1993), which authorizes the award of attorney's fees in divorce actions, has been construed as permitting the award of attorney's fees in child-custody modification actions, as the latter necessarily derive or continue from the former. *Robins v. Arkansas Social Services,* 273 Ark. 241, 617 S.W.2d 857 (1981); *Finkbeiner v. Finkbeiner,* 226 Ark. 165, 288 S.W.2d 586 (1956); *Hydrick v. Hydrick,* 224 Ark. 712, 275 S.W.2d 878 (1955); *Vilas v. Vilas,* 184 Ark. 352, 42 S.W.2d 379 (1931).

■ Thus, in the cases cited above, we have emphasized the appropriateness of an award for attorney's fees in child-custody modification cases. Although these cases involved the rulings of Chancery Courts on motions for attorney's fees, we have no doubt that this Court and the Court of Appeals may, in certain circumstances, award attorney's fees in response to motions filed originally in their respective courts. *Warner Holdings, Ltd. v. Abrego,* 285 Ark. 434, 688 S.W.2d 724 (1985); *Olaimey v. Turk,* 33 Ark. App. 28, 799 S.W.2d 572 (1990); *Elkins v. Coulson,* 293 Ark. 539, 739 S.W.2d 675 (1987). *See also In re Smith,* 183 Ark. 1025, 1026, 39 S.W.2d 703 (1931)("We have uniformly held that this court has the power, pending an appeal in a divorce proceeding, to make an order allowing the wife costs and suit money as an incident to the appellate jurisdiction in this court.").

■ The fee statements of the law firm representing Ms. Jones included not only bills for hours spent by attorneys on the case. It also included billing for "legal assistant" and "paralegal" time. In reaching our determination of the amount to award, we have not considered ourselves bound by reference to the hourly rates stated or whether the time and effort invested in the case has been that of professional or quasi-professional personnel. We have, rather, considered a number of factors. They include the factors stated in Rule 1.5 of the Model Rules of Professional Conduct and those discussed in our decisions concerning the manner of reaching an equitable determination. *Lytle v. Lytle,* 266 Ark. 124, 583 S.W.2d 1 (1979); *Love v. United States Fidelity and Guaranty Co.,* 263 Ark. 925, 568 S.W.2d 746 (1978); *Marlin v. Marsh & Marsh,* 189 Ark. 1157, 76 S.W.2d 965 (1934).

Dr. Jones challenges this Court's power to award attorney's fees upon a motion filed originally in this Court after the issuance of the mandate. In his view, the Court lost jurisdiction over this case when the mandate issued on November 22, 1996. Alternatively, he asserts that Ms. Jones's petition is, in essence, a petition for rehearing under Ark. Sup. Ct. R. 2-3, and that we should deny the petition on account of Ms. Jones's failure to file it within seventeen days from the date of this Court's decision reversing the Court of Appeals. According to Rule 2-3, a petition for rehearing must be filed within this seventeen-day period.

■ We reject Dr. Jones's attempt to characterize Ms. Jones's petition as one for rehearing. Ms. Jones's petition is not governed by Rule 2-3 because it does not ask the Court to rehear any of the issues it considered or decided in its November 4 opinion. The question of Ms. Jones's entitlement to attorney's fees is a collateral matter that was not considered or decided by the Court. Thus, Ms. Jones's petition cannot be viewed as untimely simply because it was filed more than seventeen days from the date of this Court's decision.

We also reject Dr. Jones's argument that we are without jurisdiction to consider Ms. Jones's request for attorney's fees. As mentioned, Dr. Jones believes that this Court lost jurisdiction in this matter when the mandate was issued on November 22, 1996.

We concede that, in certain cases, we have held that we lacked jurisdiction to consider various motions filed after the mandate was either issued from this Court or filed in the Trial Court. *See, e.g., First Pyramid Life Ins. Co. of Am. v. Stoltz,* 312 Ark. 516, 849 S.W.2d 525 (1993)(holding Court lacked jurisdiction after issuance of mandate to consider motion to supplement record); *Brimson v. Brimson,* 228 Ark. 562, 309 S.W.2d 29 (1958)(holding Court lacked jurisdiction after mandate was filed in the Trial Court to consider motion for clarification of the judgment); *American Company of Arkansas v. Wheeler,* 183 Ark. 550, 36 S.W.2d 965 (1931)(holding Court lacked jurisdiction after mandate was filed in the Trial Court to consider petition for contempt).

The case at bar, however, is distinguishable from the cases mentioned above. The petition in this case requested attorney's fees. As we have said, a motion requesting attorney's fees is "collateral" or "supplemental" to the underlying action and the final judgment of a court. *Mason v. Jackson,* 323 Ark. 252, 914 S.W.2d 728 (1996); *Childs v. Adams,* 322 Ark. 424, 909 S.W.2d 641 (1995); *Alexander v. First Nat'l Bank of Ft. Smith,* 278 Ark. 406, 646 S.W.2d 684 (1983). A court's decision concerning a party's entitlement to attorney's fees "require[s] an inquiry separate from its decision on the merits of the underlying action — an inquiry which [cannot] commence" until a party prevails "in the underlying action." *Marsh & McLennan of Ark. v. Herget,* 321 Ark. 180, 183, 900 S.W.2d 195 (1995).

These considerations led us in the *Marsh* case to conclude that a Trial Court retains jurisdiction to consider a motion for attorney's fees even after the time for filing a notice of appeal has expired. Likewise, in the *Alexander* case, we held that "matters that are collateral or supplemental to the trial court's judgment," such as motions for attorney's fees, "are left within the trial court's jurisdiction even though an appeal has been docketed." *Alexander,* 278 Ark. at 408. *See also Sunbelt Exploration Co. v. Stephens Prod. Co.,* 320 Ark. 298, 308, 896 S.W.2d 867 (1995) (holding that Trial Court retains jurisdiction to consider motions for attorney's fees even after expiration of the filing periods in Ark. R. Civ. P. 52(b) and 59(b)).

By analogy to these cases, we conclude that this Court, even after the mandate has been issued or filed in the Trial Court, retains jurisdiction to consider a motion for attorney's fees. We note, as Ms. Jones points out in her brief, that this conclusion is consistent with Ark. Sup. Ct. R. 6-6(c), which permits an attorney for an indigent criminal defendant to move this Court for attorney's fees within 30 days from the date of the mandate's issuance. *See Bell v. State,* 326 Ark. 1097, 935 S.W.2d 539 (1996). It is evident that, if the Court lacked jurisdiction to consider motions for attorney's fees filed after the issuance of the mandate, Rule 6-6(c) would be meaningless.

For these reasons, we grant to Ms. Jones, who prevailed in this child-custody action, an attorney's fee award in the amount of $8,000.00. We deny Ms. Jones's request for sanctions. We also deny the portion of the motion requesting an award for the fees charged to Ms. Jones for her counsel's work in the Chancery Court because that request should be made to the Chancery Court.