Mary E. GREEN and Michael B. Green, Individually and
as Parents, Next Friends and Natural Guardians of Michael Green
During His Minority; and Michael Green, Individually *v.*
ALPHARMA, INC.; Alpharma Animal Health Co.;
George's Farms, Inc.; George's Processing, Inc.;
Peterson Farms, Inc.; Simmons Foods, Inc.;
Simmons Poultry Farms, Inc.; and Tyson Foods, Inc.

07-382                                                    285 S.W.3d 665

Supreme Court of Arkansas
Opinion delivered June 19, 2008

*Lundy & Davis, LLP* (Lake Charles, LA), by: *Hunter W. Lundy,
Clayton A.L. Davis,* and *Keith Prudhomme*; and *Lundy & Davis* (Fay-
etteville, AR), by: *Jason M. Hatfield,* for appellants.

*Shook, Hardy & Bacon, LLP,* by: *Robert T. Adams, John S.
Johnson,* and *Steven D. Soden*; and *Taylor Law Firm,* by: *Timothy Brooks,*
for appellees Alpharma Inc. and Alpharma Animal Health Co.

*Bassett Law Firm, LLP,* by: *Gary v.* Weeks, *Vincent O. Chadick,*
and *Paul E. Thompson,* for appellees George's Farms, Inc. and
George's Processing, Inc.

*Mitchell, Williams, Selig, Gates & Woodyard, PLLC,* by: *Sherry P.
Bartley*; and *McDaniel, Hixon, Longwell & Acord, PLLC,* by: *A. Scott
McDaniel,* for appellee Peterson Farms, Inc.

*Conner & Winters, LLP,* by: *Vicki Bronson,* for appellees Sim-
mons Foods, Inc. and Simmons Poultry Farms, Inc.

*Kutak Rock LLP*, by: *Robert W. George* and *Michael R. Bond*, for appellee Tyson Foods, Inc.

Per Curiam. On May 8, 2008, we reversed the Washington County Circuit Court's grant of summary judgment in favor of the Appellee poultry producers and remanded this case for trial as to the poultry producers. *See Green v. Alpharma, Inc.*, 373 Ark. 378, 284 S.W.3d 29 (2008). We also affirmed the circuit court's ruling on the issue of expert testimony. *Id.* Appellants Mary E. Green and Michael B. Green, individually and as parents, next friends, and natural guardians of Michael Green during his minority (collectively "the Greens"), and Michael Green individually ("Green") have filed a motion for taxation of costs pursuant to Ark. Sup. Ct. R. 6-7 (2007).

The Greens specifically ask us to tax the actual printing and binding costs of their brief and Addendum ($29,472.55), the filing fee for appeal ($100), and the actual costs billed by the circuit clerk and the court reporter for producing the record on appeal ($42,720.10). In response, the Appellee poultry producers assert that the Greens are not entitled to recover costs because the Greens' abstract and Addendum were defective, and as a result, the poultry producers were required to supplement both at a substantial cost in order to create an accurate record. They further contend that the Greens' abstract and Addendum contained irrelevant documents pertaining to events occurring after the summary-judgment hearing.

Arkansas Supreme Court Rule 6-7 provides:

(a) Affirmance. The appellee may recover brief costs not to exceed $3.00 per page; total costs not to exceed $500.00.

(b) Reversal. The appellant may recover (1) brief costs not to exceed $3.00 per page with total costs of the brief not to exceed $500.00, (2) the filing fee of $100.00, (3) the circuit clerk's costs of preparing the record, and (4) the court reporter's cost of preparing the transcript.

(c) Affirmed in part and reversed in part. The Court may assess appeal costs according to the merits of the case.

(d) Imposing or withholding costs. Whether the case be affirmed or reversed, the Court will impose or withhold costs in accordance with Rule 4-2(b).

*Id.* Rule 6-7(d) states that costs will be awarded or withheld in accordance with Ark. Sup. Ct. R. 4-2(b), which states, in pertinent part:

> (1) If the appellee considers the appellant's abstract or Addendum to be defective, the appellee's brief should call the deficiencies to the Court's attention and may, at the appellee's option, contain a supplemental abstract or Addendum. When the case is considered on its merits, the Court may upon motion impose or withhold costs, including attorney fees, to compensate either party for the other party's noncompliance with this Rule. In seeking an award of costs under this paragraph, counsel must submit a statement showing the cost of the supplemental abstract or Addendum and a certificate of counsel showing the amount of time that was devoted to the preparation of the supplemental abstract or Addendum.

*Id.*

▮ In the instant case, we affirmed in part and reversed in part the decision of the circuit court. The Greens have already recovered $500 in briefing costs. Rule 6-7 clearly states that an appellant may not recover more than $500 for the total costs of a brief. Therefore, the Greens may not recover any additional costs of producing their brief. However, because of the partial reversal, we award the Greens one-half of the amount of the requested costs for the record, $21,360.05. *See National Bank of Commerce v. Quirk, M.D.,* 325 Ark. 31, 922 S.W.2d 717 (1996). We also award the Greens the filing fee of $100.

Motion granted in part.