Mary E. GREEN and Michael B. Green, Individually and as
Parents, Next Friends and Natural Guardians of Michael Green
During His Minority;  and Michael Green, Individually  *v.*
ALPHARMA, INC.; Alpharma Animal Health Co.;
George's Farms, Inc.;  George's Processing, Inc.;  Peterson Farms,
Inc.;  Simmons Foods, Inc.;  Simmons Poultry Farms, Inc.;
and Tyson Foods, Inc.

07-382                                                      286 S.W.3d 677

Supreme Court of Arkansas
Opinion delivered September 4, 2008

*Lundy & Davis, LLP* (Lake Charles, LA), by: *Hunter W. Lundy, Clayton A.L. Davis,* and *Keith Prudhomme* (Fayetteville, AR), by: *Jason M. Hatfield,* for appellants.

*Shook, Hardy & Bacon, LLP,* by: *Robert T. Adams, John S. Johnston,* and *Steven D. Soden;* and *Taylor Law Firm,* by: *Timothy Brooks,* for appellees Alpharma, Inc., and Alpharma Animal Health.

P𝐞𝐫 Curiam. On May 8, 2008, we reversed the Washington County Circuit Court's grant of summary judgment in favor of the Appellee poultry producers and remanded the case for trial as to the poultry producers. *See Green v. Alpharma, Inc.,* 373 Ark. 378, 284 S.W.3d 29 (2008) ("*Alpharma I*"). We also affirmed the circuit court's ruling on the issue of expert testimony. *Id.,* 284 S.W.3d 29. Later, Appellants Mary E. Green and Michael B. Green, individually and as parents, next friends, and natural guardians of Michael Green during his minority (collectively "the Greens") filed a motion for taxation of costs for briefing costs, filing fee, and actual costs for the production of the record on appeal. In *Green v. Alpharma,* 374 Ark. 67, 285 S.W.3d 665 (2008) (per curiam) ("*Alpharma II*"), we denied the Greens' request to recover $500 in briefing costs, but we awarded the Greens the $100 filing fee, as well as one-half the amount of the requested costs for the record.

On June 26, 2008, Appellees Alpharma Inc. and Alpharma Animal Health Company ("Alpharma"), pursuant to Arkansas Supreme Court Rules 4-2(b) and 6-7, filed a motion for the taxation of costs against the Greens. Specifically, Alpharma requests $500 in brief costs, pursuant to Rule 6-7(a) or (c), and other costs for the Greens' alleged noncompliance with Rule 4-2 in producing an allegedly deficient Abstract and Addendum. On July 2, 2008, the Greens filed their response and recommended that we deny or dismiss Alpharma's motion.

■ Arkansas Supreme Court Rule 6-7 provides for the taxation of costs in favor of a prevailing party on appeal. Subsection (a) states that the "appellee may recover brief costs not to exceed $3.00 per page; total costs not to exceed $500." Further, subsection (c) states that we "may assess appeal costs according to the merits of the case" when we have affirmed in part and reversed in part. Thus, with regard to Alpharma's request for brief costs, we grant $500 in briefing costs because we affirmed the circuit court's ruling in its favor on the issue of expert testimony in *Alpharma I*.[1]

■ However, we deny Alpharma's request for taxation of costs for any alleged deficiency in the Greens' Abstract and Addendum under Rule 4-2. We made no such finding either in *Alpharma I* or *Alpharma II*. For this reason, we decline to award these costs to Alpharma.

Motion affirmed in part; denied in part.

---

[1] Further, we note that we have jurisdiction over this matter although the mandate in *Alpharma I* was issued on June 19, 2008. *See Jones v. Jones*, 327 Ark. 195, 938 S.W.2d 228 (1997).