Cite as 2015 Ark. App. 562

# ARKANSAS COURT OF APPEALS

DIVISION IV
No. CV-15-51

|  |  |  |
|---|---|---|
| | | Opinion Delivered   OCTOBER 7, 2015 |
| ELIZABETH JAMES (FORMERLY WALCHLI) | | APPEAL FROM THE SEBASTIAN COUNTY CIRCUIT COURT, |
| | APPELLANT | GREENWOOD DISTRICT [NO. DR–11–228] |
| V. | | |
| | | HONORABLE JAMES O. COX, JUDGE |
| BUTCH LEE WALCHLI | | |
| | APPELLEE | AFFIRMED |

**KENNETH S. HIXSON, Judge**

Appellant Elizabeth James appeals the entry of an order by the Sebastian County Circuit Court that required her to pay $4,929.58 as a reasonable attorney's fee to her ex-husband, appellee Butch Lee Walchli. Elizabeth contends that the trial court's award of this fee constitutes an abuse of discretion. We disagree and affirm.

The parties married in 2008, and their son CW was born in June 2009.[1] The parties separated in May 2011. That same year, Elizabeth moved from Sebastian County to Beebe, in White County. Their Sebastian County divorce was finalized by a decree filed in July 2012. At the time the divorce decree was entered, Butch Walchli was incarcerated for violating a prior suspended sentence for criminal mischief. The parties agreed that Elizabeth

---

[1]Butch Walchli has an older son, AW, from a previous relationship. Elizabeth adopted AW in August 2009. Butch was awarded custody of AW in the divorce decree. The custody and visitation of AW are not involved in this appeal.

SLIP OPINION

would have primary custody of CW and that Butch's visitation rights would be held in abeyance until after Butch was released from prison.

Elizabeth Walchli married Steven James within days of her divorce from Butch being final. Butch was released from prison on November 9, 2012, and shortly thereafter attempted to arrange for visitation with CW. While Butch was incarcerated and during the period that his visitation schedule with CW was specifically held in abeyance by the Sebastian County Circuit Court, Elizabeth's new husband Steven filed a petition to adopt CW in White County Probate Court. In the petition to adopt, Steven (and Elizabeth) alleged that Butch's consent was not required for the adoption of CW.

On November 16, 2012, Butch filed a petition for contempt and for a change of custody of CW in the Sebastian County domestic-relations proceedings. Butch contended that Elizabeth was actively attempting to terminate his parental rights to CW by virtue of the adoption petition. Further, he asserted that there were material changes in circumstances justifying a change in custody because Elizabeth was acting against CW's best interest by referring to Steven as CW's father and having CW refer to Steven as his father. Butch sought an immediate hearing to address visitation alleging, inter alia, that because of the upcoming holidays, the issue of temporary visitation was a sufficient reason for an emergency hearing.

Elizabeth resisted Butch's petition, and she sought a continuance of the temporary hearing planned for December 2012. The continuance was not granted. The trial judge awarded Butch visitation for three days in December, with standard weekend visitation to

commence at the end of December 2012. A temporary order was filed of record in January 2013.

Another hearing was conducted in May 2013 to address various motions by the parties. There were persistent problems with visitation, miscommunications between the parties about drop off and pickup, and general discontent between the parties. An amended temporary order filed in June 2013 ordered Butch to provide the transportation for both pickup and delivery of CW for visitation, due to Elizabeth's current pregnancy. The order stated that Butch's prior missed visitation would be worked out between Elizabeth's attorney and Butch so that he could recover that time.

In August 2013, Elizabeth filed a motion for the presiding judge to recuse based on alleged bias or prejudice. In November 2013, that judge recused, and in December 2013, Judge James Cox was reassigned to hear this case.

In December 2013, Elizabeth filed another motion for contempt against Butch, alleging that he had wrongfully taken CW out of state without court permission during November and December 2013. In late December 2013, Butch filed a response, denying that this brief excursion was any violation of a court order. Butch countered with his own motion for contempt, alleging that Elizabeth had wrongfully denied him weekend visitation in mid–December, in line with her pattern of behavior.

A hearing was conducted in May 2014 to consider the cross–motions for contempt and Butch's motion to change custody. Elizabeth, her husband Steven, and Butch testified. At the end of the hearing, Elizabeth withdrew her motion for contempt and agreed to dismiss

SLIP OPINION

a pending appeal on the denied petition for adoption.[2]  Closing arguments were presented by each party's attorney.  The trial court also heard recommendations by CW's attorney ad litem, who was prepared to recommend a change of custody prior to Elizabeth's stated intent to drop the adoption appeal.  The attorney ad litem made detailed recommendations about standard and extra visitation that should be permitted to Butch.

The trial court issued an order finding that Elizabeth had made efforts to alienate CW from his father, exemplified by a failed attempt to have CW adopted.  The trial judge found that, although there had not been "a strong enough showing of a change of circumstances" sufficient to support a change of custody, any continued efforts to have Elizabeth's husband adopt CW would constitute a material change of circumstances.

Butch was awarded standard visitation, with an additional two weeks of summer visitation.  Butch was also awarded seven additional days of visitation with CW to make up for the days that Elizabeth had not permitted.  This comported with the trial judge's remark from the bench that the make-up and extra visitation would "take care of" Butch's motion for contempt.  The trial judge ordered that Butch be allowed additional reasonable visitation as the parties agreed.  Elizabeth was ordered to make CW available for brief visits when Butch was in the area, provided that Butch gave her reasonable notice.

The trial court found that "there has been a good deal of noncooperation on Plaintiff Mother's part in the past and she is ordered to stop that behavior and cooperate with

---

[2]During the pendency of the litigation in Sebastian County, the petition for adoption was denied.  Elizabeth's husband filed a notice of appeal.  During this hearing, Elizabeth agreed to have her husband dismiss his appeal.

SLIP OPINION

Defendant Father." Both parties were ordered "to operate in good faith in facilitating visitation and good relations." Also in the order, the judge authorized Butch to file a motion for attorney fees and for visitation transportation costs. Elizabeth does not appeal this order.

The motion for attorney fees and transportation costs filed by Butch contended that Elizabeth was never agreeable to any requests Butch made about visitation and, rather, she interfered and refused to permit make-up visitations. He alleged that, even after Elizabeth's baby had been born, she refused to share in transporting CW to and from visits. Butch pointed to the failed attempt at adoption, further proof of her interference and attempts to alienate the child. Butch requested attorney's fees in the amount of $8,866.08, attaching an itemized billing statement. Butch also requested $4,000 in reimbursement for Elizabeth's half of transportation expenses he incurred, attaching a handwritten exhibit to show thousands of miles he had driven CW.

Elizabeth filed a response to the petition for fees and request for travel cost reimbursement. She challenged the accuracy of details and lack of appropriate supportive documentation for Butch's travel reimbursement request. As to the attorney fee request, Elizabeth countered that Butch totally absented himself from CW's life for the year that he was in prison; that she and her husband reasonably believed that an adoption proceeding was appropriate; that all of Butch's attorney fees could have been avoided had Butch, his family, or his counsel properly communicated with her; and that it would be inequitable to award Butch any attorney fee. Elizabeth added that she earns substantially less than Butch, $2,000

5

per month, whereas Butch earns approximately $5,000 per month, making the disparity in their incomes another basis to deny fees because such an award would be punitive toward her.

The trial judge issued an order in September 2014, refusing to award Butch any travel-related reimbursement, but awarding $4,929.58 as "a reasonable attorney's fee." The order recited that the trial judge had:

> carefully considered and applied the factors enunciated in *Paulson v. Paulson*, 8 Ark. App. 306 (1983), citing *Robinson v. Champion*, 251 Ark. 817 (1972), when making the partial attorney's fee award. In applying said factors, the Court believes the attorney's fee assessed against the Plaintiff, Ms. James to be reasonable given the circumstances, pleadings and other issues before the Court.

Elizabeth appeals this order. Butch does not cross-appeal.

Elizabeth argues on appeal that the trial court abused its discretion in several ways, summarized as follows: (1) by failing to accurately assess the complete circumstances and entirety of the legal proceedings; (2) by failing to recognize that Butch's attorney lacked skill and legal ability, which unnecessarily increased litigation costs; (3) by failing to recognize that Elizabeth was the "prevailing party" on Butch's motion for contempt and his motion to change custody; and (4) by disregarding the disparity in the parties' incomes. She does not contest the reasonableness of the attorney's hourly rate or the sum total of fees in the billing statements. We disagree that an abuse of discretion has been demonstrated.

In domestic-relations proceedings, the circuit court has the inherent power to award attorney fees, and the decision to award fees and the amount of those fees are matters within the discretion of the circuit court. *Scudder v. Ramsey*, 2013 Ark. 115, 426 S.W.3d 427; *Baber v. Baber*, 2011 Ark. 40, 378 S.W.3d 699; *Payne v. White*, 1 Ark. App. 271, 614 S.W.2d 684

6

(1981). Absent an abuse of that discretion, an award of fees will not be disturbed on appeal. *Artman v. Hoy*, 370 Ark. 131, 257 S.W.3d 864 (2007); *Jones v. Jones*, 327 Ark. 195, 938 S.W.2d 228 (1997).

There is no fixed formula for determining what constitutes a reasonable amount of attorney fees. *Yancy v. Yancy*, 2014 Ark. App. 256. Because the trial court has presided over the case and gained familiarity with the case and the extent and quality of the services rendered by the attorney, the trial court has a superior opportunity to assess the critical factors that apply. *Id.* In *Tiner v. Tiner*, 2012 Ark. App. 483, we held that in domestic-relations proceedings, a trial court is not required to make written findings on the factors enumerated in *Chrisco v. Sun Industries, Inc.*, 304 Ark. 227, 800 S.W.2d 717 (1990), regarding the award of attorney fees. In the *Tiner* opinion, we affirmed the trial court's award of a partial attorney fee, noting that our court gives due deference to the superior position of the trial court in exercising discretion on that issue. Likewise in *Yancy*, we affirmed the trial court's award of approximately one third of the attorney fee requested.

In this case, Butch was awarded just over half of the attorney fees he requested. This litigation was ongoing from the end of 2012 to the latter part of 2014. Butch prevailed in seeking to set and enforce his rights of visitation with CW; Butch was awarded additional visitation to compensate for lost time with CW that Elizabeth caused; and Elizabeth abandoned her petitions for contempt against Butch. Elizabeth's persistent noncooperation regarding visitation was an extensive topic of the trial court's concern, and the order in which

those findings were made was not appealed. It is apparent that the trial court possessed familiarity with the parties and the circumstances involved in this litigation.

Pertinent considerations in determining an attorney fee amount are the attorney's judgment, learning, ability, skill, experience, and professional standing; the relationship between the parties and the importance of the subject matter of the case; the nature, extent, and difficulties of services; the research, anticipation of defenses and means of meeting them; and receiving of confidential information and giving of confidential advice before any pleadings are filed or other visual steps are taken. *Paulson v. Paulson*, 8 Ark. App. 306, 652 S.W.2d 46 (1983). The relative financial ability of each party is a consideration, but it is not determinative. *See Webb v. Webb*, 2014 Ark. App. 697, 450 S.W.3d 265; *Valentine v. Valentine*, 2010 Ark. App. 259, 377 S.W.3d 387. The trial court's own experience and knowledge of the character of such services may be used as a guide. *Robinson v. Champion*, 251 Ark. 817, 475 S.W.2d 677 (1972). Unless a clear abuse of discretion is evident, we will not disturb the trial judge's action in fixing the attorney fee. *Warren v. Warren*, 270 Ark. 163, 603 S.W.2d 472 (1980). Appellant has failed to demonstrate to us that there is a clear abuse of discretion in this attorney fee award, which was supported by the evidence and approximately one half of that requested.

Affirmed.

KINARD and GRUBER, JJ., agree.

*Lightle, Raney, Streit & Streit, LLP*, by: *Jonathan R. Streit*, for appellant.

*Phillip J. Milligan* and *Robert S. Tschiemer*, for appellee.