N. Mark Klappenbach, Judge, dissenting.
I dissent from the majority opinion because (1) the majority opinion has made extensive arguments for Lynn and has crafted remedies that she did not request on appeal; (2) the trial court is not required to hold a hearing on attorney-fee requests in domestic-relations proceedings; and (3) Lynn was not denied an opportunity to respond in resistance to the request for attorney's fees. I would affirm the trial court's award of attorney's fees to Allen for prevailing on his motion to enforce the property-settlement agreement.
Allen filed his motion for attorney fees on March 8, 2017. On March 21, 2017, Lynn filed a response objecting to an award of attorney's fees to Allen, claiming that Allen's financial abilities far exceeded hers, that the trial court should consider their relative financial abilities, and that she was entitled to a hearing on that factor. Lynn did not append an affidavit of financial means or other affidavit to explain her or Allen's financial situation. On April 6, 2017 (sixteen days later), the trial court issued a letter opinion in which it awarded Allen attorney's fees. A formal order followed. Lynn subsequently filed a "Motion for Relief" asking in the alternative that she be given a hearing on the motion for fees because she had been "denied her constitutional procedural due process right to appear and be heard in opposition" to Allen's motion, specifically with regard to their relative financial positions. Lynn's "Motion for Relief" was deemed denied. This appeal followed.
It is important to note that Lynn's argument in her appellate brief is limited to her general assertion that she was denied an opportunity to present evidence on the relative financial abilities of the parties in violation of procedural due process. Lynn did not cite to any Arkansas Rule of Civil Procedure in her appellate brief. Even so, the majority opinion recognizes that Ark. R. Civ. P. 43(c) provides that in considering motions, the trial court "may hear the matter on affidavits" or on oral testimony or deposition. "May" is a permissive word, not a mandatory word; a motion hearing is discretionary with the court.
*573 Lowder v. Gregory , 2014 Ark. App. 704, 451 S.W.3d 220. The majority opinion also cites Stilley v. James , 347 Ark. 74, 60 S.W.3d 410 (2001), as supporting its position that a hearing was required in this instance. Not only did Lynn not cite this case, it does not support the majority's position. In Stilley , the appellant argued that the trial court had violated his procedural due-process rights when the trial court acted on an attorney-fee request before the time to respond to the fee request had expired. The supreme court held that it would not consider the merits of this argument because the appellant failed to cite any convincing legal authority in support of that argument, and it was otherwise not apparent without further research that the argument was well taken. Even more to the point, there is no question that the trial court in the present case acted after it had received Lynn's response, not before. Lynn was clearly not deprived of an opportunity to respond.
Equally concerning, the majority opinion "make[s] no attempt to prescribe any formulae for calculating an answer to the 'how much is enough process' query." The majority refuses to answer the only question Lynn presented, which was whether she was entitled to a hearing on Allen's attorney-fee request. The majority reverses and remands "for a more fulsome opportunity to be heard" by the trial court conducting a hearing or by the judge ordering Lynn to provide evidence in the form of affidavits. Notably, Lynn does not seek an opportunity to present affidavits; she wants a hearing. Thus, the majority is crafting a potential remedy that she does not request on appeal.
The basic law on attorney-fee requests in domestic-relations cases is pertinent to consider. The circuit court has inherent power to award attorney's fees in domestic-relations proceedings, and whether the trial court should award fees and the amount thereof are matters within the discretion of the trial court. Vice v. Vice , 2016 Ark. App. 504, 505 S.W.3d 719. No statutory authority is required in this case. Id. An analysis of the Chrisco factors when considering attorney's fees applications is no longer required in domestic-relations cases. Id. Due to the trial court's intimate acquaintance with the record and the quality of services rendered, we usually recognize the superior perspective of the trial court in assessing the applicable factors. Id. The relative financial abilities of the parties is a consideration in domestic relations cases when an attorney-fee request is made, but this factor is not determinative. James v. Walchli , 2015 Ark. App. 562, 472 S.W.3d 504. Additionally, our court presumes, in the absence of a showing to the contrary, that the trial court acted properly and made the findings of fact necessary to support its judgment. Morris v. Knopick , 2017 Ark. App. 225, 521 S.W.3d 495. Indeed, we may presume that the trial court found the relative financial abilities of the parties to be far outweighed by the other Chrisco factors, rendering the taking of evidence on this factor unnecessary.
In sum, the circuit court is not required to hold a hearing on motions for attorney's fees in domestic-relations cases under existing precedent, and the relative financial position of the parties is a consideration but is not determinative. The majority has developed Lynn's argument for her on appeal in order to reverse, which we are not to do. See Cummings v. Boyles , 242 Ark. 923, 415 S.W.2d 571 (1967) ; Dale v. White , 2018 Ark. App. 172, 545 S.W.3d 812. "We do not reach out and find an unargued issue on which to reverse a trial court." White v. Winston , 302 Ark. 345, 349, 789 S.W.2d 459, 461 (1990). The majority has not answered the only question that Lynn raised on appeal, which was whether due process required that she be afforded a hearing on Allen's attorney-fee *574 motion. The trial court did not deprive Lynn an opportunity to respond to Allen's request for attorney's fees; she did respond. Lynn failed to support her response with an affidavit, which she could have done. For all the foregoing reasons, Lynn has failed to demonstrate that she was denied procedural due process. Consequently, Lynn has failed to demonstrate reversible error. I respectfully dissent.
I am authorized to state that Judge Gladwin joins in this dissent.