Cite as 2020 Ark. App. 61

# ARKANSAS COURT OF APPEALS

DIVISION IV
**No.** CV-19-168

|  |  |
|---|---|
| STACY DONALD ROBERTS<br><br>APPELLANT<br><br>V.<br><br><br>KENDRA CHRISTY ROBERTS<br><br>APPELLEE | **Opinion Delivered:** January 29, 2020<br><br>APPEAL FROM THE GARLAND COUNTY CIRCUIT COURT [NO. 26DR-13-1025]<br><br>HONORABLE ELLEN BASS BRANTLEY, JUDGE<br><br>AFFIRMED |

## KENNETH S. HIXSON, Judge

This is a domestic-relations case, and the only issue on appeal involves attorney's fees. Appellant Stacy Roberts and appellee Kendra Roberts were divorced on May 28, 2014, and the parties were awarded joint custody of their two children. On July 14, 2017, Kendra filed a motion for primary custody of the children. After a hearing, the trial court entered an order on August 17, 2018, granting Kendra's motion and awarding her primary custody of the children. Stacy timely appealed from the trial court's order changing custody.

On August 20, 2018, Kendra filed a motion for attorney's fees in relation to the underlying change-of-custody litigation in which she prevailed. Kendra requested $15,281 in attorney's fees and $543 in costs. On November 19, 2018, the trial court entered an order awarding Kendra $9000 in attorney's fees and $543 in costs. Stacy appealed separately from the order awarding attorney's fees. Stacy's appeal from the order changing primary custody to Kendra and his appeal from the order awarding Kendra attorney's fees were

submitted simultaneously to this court for decision. The appeal from the attorney's-fee award is at issue here.

The only argument raised by Stacy in this appeal is that he should have prevailed in the underlying change-of-custody litigation; and thus, the attorney's-fee award should be reversed. Acknowledging that his appeal challenging the custody order is presently before this court, Stacy argues that if we reverse in that case we should reverse the order awarding attorney's fees as well.[1]

Stacy's argument contesting the attorney's fees fails because, in the companion case delivered today, we affirmed the trial court's order awarding primary custody to Kendra. *See Roberts v. Roberts*, 2020 Ark. App. 60 (CV-18-865). Stacy's sole challenge to the attorney's-fee award in this appeal is based on his contention that he should have been the prevailing party in the change-of-custody litigation. His argument is wholly premised on the outcome of that appeal, which we have now affirmed and which confirms that Stacy is not the prevailing party.[2]

In domestic-relations proceedings, the trial court has the inherent power to award attorney's fees, and the decision to award fees and the amount of those fees are matters within the discretion of the trial court. *James v. Walchli*, 2015 Ark. App. 562, 472 S.W.3d 504. Absent an abuse of that discretion, an award of attorney's fees will not be disturbed on

---

[1]Stacy does not challenge the reasonableness of the amount of the attorney's fees but only the award of any fees at all.

[2]We also observe that while Kendra did prevail in the change-of-custody litigation, there is no requirement that a party "prevail" for the trial court to award attorney's fees in a domestic-relations case. *See Conley v. Conley*, 2019 Ark. App. 424, 587 S.W.3d 241.

appeal. *Id.* We find no abuse of discretion and affirm the award of attorney's fees. *See* *Baber v. Baber*, 2011 Ark. 40, 378 S.W.3d 699.

Affirmed.

KLAPPENBACH and VAUGHT, JJ., agree.

*T. Clay Janske*, for appellant.

One brief only.